GRIFFING *Vs.* HARRIS.

1. In an action by the endorsee of a note, against the endorser, the maker is a competent witness, as his interest is balanced.

2. The admission of indebtedness, made by the subscriber of a promissory note, is *prima facie* only, and does not extend to the endorser—the endorsement is a *post factum* act.

Error to the Circuit court of Mobile.

Assumpsit on a note—tried by *Harris*, J.

The defendant in error, as the endorsee of a promissory note, declared against the plaintiff, (as the endorser,) in the Circuit court of Mobile. The case was tried on the general issue. On the trial, the plaintiff in error proposed to prove by the maker of the note, that at the time the note and endorsement were made, the defendant had in his possession some valuable papers and documents, which were the property of the witness; and that he gave the note, with the plaintiff's endorsement as security, to the defendant, for the purpose of recovering the possession of these papers and documents, and with the express understanding, that they should be delivered up. And the plaintiff proposed further to show by the witness, that he had, after the making and endorsement of the note, demanded the delivery of the papers and documents, but the defendant declined complying with the demand, and had not yet delivered them to him. The plaintiff in error then executed to the witness, in open court, a release of all damages, costs and charges, which he (the plaintiff,) might sustain in the event of a recovery

9 P 29

against him in this cause. But the court refused to allow the witness to give evidence—and thereupon the plaintiff in error excepted, and prosecuted his writ of error to this court.

COLLIER, C. J.—It is difficult to conceive for what cause the evidence of the maker of the note was excluded, in an action against the endorser : surely not because he was interested in the event of the suit, for it was entirely immaterial to him what judgment the court rendered. If the endorsee was unsuccessful, he might immediately resort to the maker, who could not set up in his defence, the verdict and judgment in favor of the endorser. So, if the endorsee were to recover of the endorser, the latter might directly charge the maker; and, in either event, the interest of the witness would be balanced.

There is no pretence for excluding the maker as a witness in such a case, on the ground that he is a party to the paper in suit. By subscribing the note, he admits an indebtedness—*prima facie* only—but even this admission does not extend to the endorser : the endorsement is a *post factum* act.

In every view in which the case has presented itself to us, we are persuaded that the Circuit court erred in the rejection of the evidence, and the error is manifested by authorities so direct and ample, that we will content ourselves with a mere reference to them, without adding any further reasoning of our own—(Kennon vs. McRea, 2 Porter's R. 389; Standefer vs. Chisholm, 1 Stew. & Por. R. 449; Todd vs. Stafford, 1 Stew. R. 199; Bent vs. Baker, 3 T. R. 27; Jourdaine vs. Lashbrook, 7 T. R. 601;

Ridley vs. Taylor, 13 East's R. 175; York vs. Blott, 5 Maule's R. 71; Legge vs. Thorpe, 2 Camp. R. 310; Staples vs. Okines, 1 East's R. 332; Bayley on Bills, 418, *et post;* 1 Sanders on Pleading, 366, and cases cited.)

The judgment must be reversed, and the case remanded.