# THE COMMERCIAL BANK OF COLUMBUS v. WHITE-HEAD.

1. The maker of a promissory note is not a competent witness for the defendant who had indorsed it for his accommodation, in a suit by the holder against such indorser, without a release for the costs of the suit.
2. A deposition taken upon an affidavit that the witness is about to leave the State cannot be read on the trial of the cause if the witness does not carry his purpose into effect but remains within the State.

Error to the Circuit Court of Greene.

This was an action of assumpsit, by the plaintiff in error as indorsee, against the defendant in error as indorser of a promissory note made by Joseph B. Earle, for twenty-one thousand seven hundred and eighty-one dollars and seventy-seven cents.

From a bill of exceptions taken at the trial of the cause, it appears that the defendant offered to read as evidence the deposition of Joseph B. Earle, which had been regularly taken before the last continuance of the cause, upon the affidavit of the defendant, that the said Earle was about to remove from the State of Alabama. It was proved, that at the taking of the deposition Earle resided, and has ever since resided, on his plantation, in the county of Marengo, about seventy-five miles from the place of the trial of the cause; that he has not removed from thence, but was, at the time of the trial of this cause, absent from home on a temporary visit to the city of Mobile, which is distant more than one hundred miles from the place of trial. That the indorsement of the bill of exchange by the defendant on which he is sought to be charged in this suit, was made by him for the accommodation of the said Earle.

The plaintiff objected to the reading of the deposition—first, on the ground of interest in the witness; and, secondly, because the statute did not authorize the deposition to be read under the facts proved. But the Court overruled the objection and permitted the deposition to be read in evidence to the jury—to

which the plaintiff objected ; and the jury having found a verdict for the defendant, judgment was rendered accordingly—from which this writ is prosecuted.

The plaintiff assigns for error the matters of law arising out of the bill of exceptions.

BLISS and THORNTON, for the plaintiff in error, contended that as Whitehead, the defendant, was an accommodation indorser merely, he could recover of the maker, not only the damages which might be recovered in an action by the holder of the note, but also the costs. That therefore, the maker, unless released, had a direct interest in the suit, and was an incompetent witness. To this point they cited 4 Taunton, 464; 14 East 565; Chitty on Bills, 414, 7 Am. ed; 1 Cowen Philips on Ev. 59, 60, 61; 2 id. notes 105, 107; 2 Starkie on Ev. 300; Greenleaf on Ev. 447; 2 Saunder's P. and Ev. 942; 3 Chitty's Gen. Prac. 814; 9 Serg. and Rawle, 236; 16 Johns. 70; 14 Mass. 303; 7 Cranch, 206; 5 Munroe, 269; 1 Rep. Con. Court S. C. 423; 1 McCord, 552; 5 Cowen, 153; 2 Hill, 131.

To show that the deposition could not be received as evidence under the statute, they cited 9 Porter, 650; 1 Ala. Rep. 237.

PECK and MURPHY, contra, maintained that it did not appear from the bill of exceptions, with sufficient certainty, that the witness whose testimony was excepted to, was the maker of the note, and to this point they cited 8 Porter, 360.

That if the witness was competent for any purpose, the Court did not err in refusing to exclude the deposition generally; and they insisted that in a suit against an accommodation indorser the maker was competent—

First—To prove that the date of the note had been altered. [4 Cowen Phillips on Ev. 32.]

Second—To prove any matter of defence which arose after the execution of the note. [17 Mass. 95.]

Third—To prove that the plaintiff was a *mala fide* holder. [15 Johns. 270; 18 id. 167; 3 Wendell, 415.]

Fourth—To prove the payment or a contract with the hold-

er, giving day of payment, by which the endorser would be discharged. [4 H. & Johns. 283.]

Lastly—That it had been settled by this Court, in a case like the present, that the maker was a competent witness. · [9 Porter, 225.]

ORMOND, J.—A preliminary question is presented on the bill of exceptions, which it is proper to determine before proceeding to the examination of the assignments of error.

It appears from the bill of exceptions that the defendant offered to read the deposition of Joseph B. Earle, which was objected to on the ground that the witness was interested. The objection now is, that it does not appear with sufficient certainty that the witness was the maker of the note indorsed by the defendant—his interest being dependent on that circumstance.

It is thus stated: "The indorsement of the *bill of exchange* by the defendant, on which he is sought to be charged in this suit was proved to have been made by him for the acommodation of said Earle."

We think it sufficiently appears, that the witness and the maker of the note are the same person; not merely because the names are the same, but because it is stated that the indorsement on which the defendant is sought to be charged in this suit, was made for the accommodation of the *said Earle*. It is, to be sure, not stated as lucidly as it might be, but we cannot doubt that the witness and the maker of the note are the same person. Had there been any doubt or controversy in the Court below, about the identity of the witness, it would doubtless have appeared in the bill of exceptions.

Nor is there any weight in the objection that the instrument sued on is called a *bill of exchange*, when in fact it is a promissory note. It is our daily practice to correct the phraseology of bills of exception by the context and other parts of the record. To hold that this bill of exceptions, as to this point, was void for uncertainty, would be to say that we could not apprehend that, which would be obvious to any plain man of common sense.

To proceed to the inquiry before us, was the maker of the note a competent witness for the defendant, who had indorsed it for his *accommodation*, without a release for costs?

It is the law of this and most of the other States of the Union, that a party to a note, is a competent witness in favor of any other party who may be sued upon the paper, upon the ground that his interest is balanced. But when a note is indorsed for the accommodation of the maker, the indorser is a surety, and if the amount is recovered against him by the holder, the maker is liable to reimburse him, not only the amount of the note and interest, but also the costs of the suit. In a suit therefore, by the holder against the accommodation indorser, the maker is not a competent witness, unless he is released from liability for the costs. This rule is so well settled that it is not necessary to cite authorities in its support, reference therefore is merely made to the numerous cases cited by the plaintiff's counsel.

It is, however, supposed that this Court has held otherwise, in the case of Griffin v. Harris, [9 Porter, 225.] That was a case where an accommodation indorsee was sued, and having *released* the maker, offered him as a witness. The primary Court rejecting him, the case was brought to this Court. It is very clear that the question of interest did not arise in this case, as the witness was released, nor does it appear that the question of the interest of the witness arising from his liability for costs was presented to the mind of the Court, as it certainly was not presented on the record. It is not therefore just criticism to apply the general remarks of the Court to a subject evidently not within its contemplation at the time, although from their generality, under other circumstances, the particular subject might be embraced by them. The whole scope of the argument is to show the competency of the witness, because his interest was precisely balanced between the holder and the indorser, an argument which could not have been urged if the question of costs had been raised or presented to the mind of the Court, unless, indeed, that question was considered as settled by the release. The probability however is, that as the question was not mooted, or indeed, presented in the case, that the difference between the attitude of the maker of a note when offered by an accommodation indorser, or an endorser for value, was not considered at all, and we certainly cannot consider it an authority on this point.

It was also urged, that although the general rule may be as stated, yet that the maker might be a witness for some purpo-

ses as to prove payment, or that the plaintiff was a *mala fide* holder and not entitled to recover against any one.

A witness may be competent to testify to a particular fact before the Court, who would not be competent to testify to the jury; but a witness who is offered generally, must be so for all purposes. Indeed the very instances which are put by counsel, would, if proved, defeat the action. Yet it is because the maker is interested in defeating the action, that he cannot be a witness without a release.

We are entirely satisfied that the deposition was improperly admitted, it not appearing that the witness was released previous to his being examined.

The deposition was taken upon an affidavit that the witness was about to remove from the State. It was proved that he had not removed from the State, but has ever since resided on his plantation, about seventy-five miles from the place of trial, and at the time of the trial was temporarily absent from home, on a visit to the city of Mobile.

The statute under which this deposition was taken, has been several times under consideration in this Court. The plain design of the statute was, to give to parties litigant the benefit of the testimony of witnesses who would leave the State before the trial of the cause. If the witness should change his purpose, or from any cause remain, it cannot be read, as was expressly held, in Goodwyn v. Lloyd, [8 Porter, 237.] This results necessarily from the declaration of the statute, that all depositions taken under it shall be "considered as taken *de bene esse.*" [Aik. Dig. 127.] The design of the statute was merely to obtain the testimony of a witness not able to attend the trial from absence from the State; the cause being removed, the authority to read the deposition would be at an end. See also McCutchen v. McCutchen, 9 Porter, 650; and Eddins v. Wilson, 1 Ala. N. S. 237.

When, therefore, it was shown that the witness had not left the State but had remained at his residence, within the jurisdiction of the Court, there was no authority to read his deposition.

The Court therefore erred on both the grounds stated, and the judgment must be consequently reversed and the cause remanded.