ALLEN VS. HIGHTOWER.

Lands purchased with the separate means of the wife are not subject to execution for the debts of the husband. (*Kirkpatrick vs. Buford, ante.*)

Where the deposition of a witness is read at the hearing without objection, it is too late to object in this court that the witness was incompetent. (*McCarron vs. Cassidy,* 18 *Ark.* 34.)

*Appeal from the Circuit Court of Yell County in Chancery.*

Hon. JOHN J. CLENDENIN, Circuit Judge.

WALKER & GREEN, for the appellant.

We contend that the husband's deposition was inadmissible for any purpose, and that admitting the truth of the allegations in the bill, the husband held a life-estate in the lands.

JORDAN, for the appellee.

No objections having been taken to the deposition of the

husband at the hearing, it is too late to raise any objection in this court. *McCarron vs. Cassidy*, 18 *Ark.* 34.

That the wife may hold separate property in her own right, independent of her husband and not subject to his debts. *Reeves' Dom. Rel.* 162, and *authorities cited in note* 1; Story's *Eq.* sec. 1378 *et seq.; Freeman's Ch. Rep.* 378; 17 *Ark. Rep.* 194.

Mr. Chief Justice ENGLISH delivered the opinion of the court.

The bill in this case was filed by Elizabeth J. Hightower, by her next friend, against the appellant, Allen, and her husband, Devereux Hightower, to remove a cloud from a title to lands claimed by her as her separate property.

The bill alleges that the lands in question were entered by Mrs. Hightower, at the United States Land Office, with means belonging to her in her separate right, and the titles taken in her name.

That they were afterwards levied on and sold under a judgment and execution against her husband, and purchased by Allen, who obtained the sheriff's deed therefor, and who was notified at the sale that the lands were the separate property of Mrs. Hightower.

The answer of Allen controverts but one material allegation of the bill; it denies that the lands were entered with the separate means of Mrs. Hightower, and alleges, on the contrary, that they were purchased with the money of her husband, and the titles taken in her name to hinder, delay and defraud his creditors, etc., he being indebted and insolvent.

Upon the hearing, it was proven that in a suit brought by Mrs. Hightower against her husband and creditors on the chancery side of the common law and chancery court for the city of Memphis, Tennessee, she obtained a decree establishing her sole and separate right to some slaves, and also to choses in action and money which were in the hands of a receiver during the pendency of the litigation; and the court appointed for her a trustee to take charge of and manage her separate property so decreed to her.

Afterwards, she removed, with her husband, to Arkansas, and settled in Yell county, and the depositions conduce to prove that her trustee, at her request, furnished her with land warrants, etc., purchased by him with her separate moneys, to enter lands with, and with the means thus furnished by her trustee, she purchased the lands in question.

The court below decreed for complainant, in accordance with the prayer of the bill, canceling the deed executed by the sheriff to Allen, and he appealed.

Upon the facts of the case, as presented by the record, we are of the opinion that the lands were the separate property of the wife and that the husband had no interest therein subject to execution; as held in a similar case at the last term. *See Kirkpatrick et al. vs. Buford et al. ante.*

The deposition of the husband was taken, by appellee, under an order of the court, and it is insisted that he was an incompetent witness. The decree does not recite that his deposition was read upon the hearing, but if it was, no motion was made to suppress, or to exclude it, in the court below, and the objection comes too late here. *McCarron vs. Cassidy,* 18 *Ark.* 34.

The decree must be affirmed.