## SPEAR'S ADM'R *vs.* LUMPKIN.

[ACTION ON COMMON MONEY COUNTS.]

1. *When wife may sue alone.*—For the recovery of money which belongs to the *corpus* of a married woman's statutory separate estate, whether held by her under the Code or under the act of 1848, and whether the cause of action accrued before or after her marriage, the right of action is in the wife alone.

2. *Sufficiency of complaint; averment of statutory separate estate.*—In an action by a married woman, suing alone, a count which avers, that the money sought to be recovered was "due to her, by account, on the 1st January, 1857, and secured to her as a separate estate, under the Code of laws of the State of Alabama," shows with sufficient certainty that her separate estate was held under the Code of 1852, and that the money sued for belongs to the *corpus* of that estate; and a count which avers, that the money was "secured to her, as her sole and separate estate, by the act of 1848, before her marriage with her said husband," also shows a right of action in her alone.

3. *Same; averment of cause of action against an administrator.*—An averment in the complaint, that "the plaintiff claims of the defendant, as administrator," &c., under the system of pleading sanctioned by the Code, shows with sufficient certainty that the debt is due from the defendant in his representative capacity.

APPEAL from the Circuit Court of Russell.

Tried before the Hon. ROBERT DOUGHERTY.

THIS action was brought by Alfred Lumpkin and Frances Lumpkin, against Richard P. Baker, as administrator of the estate of Lewis Spear, deceased; and was commenced on the 22d February, 1859. The defendant pleaded, " in short by consent, the general issue, with leave to give in evidence any matter that might be especially pleaded." An amended complaint was afterwards filed, in the name of Mrs. Frances Lumpkin alone, which was in the following words:

"The plaintiff claims of the defendant, as administrator on the estate of Lewis Spear, the sum of one hundred and fifty dollars, due her by account, on the 1st January, 1857, and secured to her, as a separate estate, under the Code of

laws of the State of Alabama, before her marriage with her husband, Alfred Lumpkin.

"2. The plaintiff further claims of the defendant, as administrator on the estate of Lewis Spear, deceased, the sum of one hundred and fifty dollars, due the plaintiff by account, on the 1st January, 1857, from the defendant's intestate; which sum of money was secured to her, as her sole and separate estate, by the act of 1848, and before the plaintiff intermarried with her husband, Alfred Lumpkin.

"3. The plaintiff claims of the defendant, as the administrator of the estate of Lewis Spear, the sum of one hundred and fifty dollars, due the plaintiff, by the defendant's intestate, for money loaned by the plaintiff, to the defendant's intestate, on the 1st day of January, 1857; which sum of money was then, and is now, the separate estate of the plaintiff, created by the new Code of the State of Alabama.

"4. The plaintiff further claims of the defendant, as the administrator of Lewis Spear, deceased, the sum of one hundred and fifty dollars, due the plaintiff, by the defendant's intestate, on a stated account between them, on the 1st day of January, 1857; which sum of money was the separate estate of the plaintiff, before her marriage with her husband, Alfred Lumpkin, and was secured to her, as her separate estate, by the new Code of the laws of the State of Alabama; which sums of money are now due, with the interest thereon."

The defendant demurred to the entire complaint, "because of repugnancy"; and to each count separately, on the following grounds: "To the first count, because it does not state from whom the debt was due—whether from Lewis Spear or R. P. Baker—and because the simple allegation that the separate estate was secured to her 'under the new Code of laws of the State of Alabama' is not sufficient to authorize a recovery in her own name; to the second count, which says that the separate estate was secured to her 'under the act of 1848,' because said act does not authorize a recovery in her own name; to the third count, because it does not aver that the plaintiff was unmarried at the time of the loan, and because the simple allegation of a separate estate created by the 'new Code of Alabama' is not suffi-

38

cient to authorize a recovery in her own name; and to the fourth count, because it does not aver that the account was stated while she was sole, and because the words 'new Code of laws for the State of Alabama' will not authorize a recovery in her own name." The court overruled the demurrer, and held each count sufficient; to which ruling the defendant excepted, and which he now assigns as error, with other matters which require no particular notice.

JOHN M. PHILIPS, for appellant.

L. F. McCOY, and B. H. BAKER, *contra*.

A. J. WALKER, C. J.—This suit is by a married woman. The first count of the amended complaint alleges an indebtedness due by account to the complainant, in 1857, and "secured to her as a separate estate under the Code of laws of Alabama before her marriage." This averment shows that the debt became due to the complainant after the adoption of the Code, and before her marriage; and negatives the conclusion that she had a separate estate in the debt *created by contract*, by showing that the separate estate existed by virtue of the Code of laws of Alabama. We regard the allegation as sufficiently averring a separate estate existing by law, and that the debt belonged to the *corpus* of the estate. This being the case, the suit was properly brought in the name of the wife alone.—*Pickens v. Oliver*, 29 Ala. 528; *S. C.*, 32 Ala. 626; *McConechy v. McCaw*, 31 Ala. 447; *Boynton v. Sawyer*, 35 Ala. 497.

The second count varies from the first, in saying that the separate estate was secured to her "under the act of 1848." We are not sure that any thing more was necessary than to show that the debt was due to the complainant before her marriage, and after the adoption of the married woman's law; for debts due to a woman, who married after that time, would be her separate estate under the law of the State, and she could sue separately in her own name. But this right of suit is precisely the same, whether the separate estate existed by virtue of the Code, or of the act of 1848. We therefore can perceive no reason for holding the count defective, because it attributes the origin of the separate estate to the act of 1848.

The objection to the third count is not tenable. If the money loaned belonged to the complainant's separate estate, held by virtue of the law, and not of contract, (which we think sufficiently appears,) it matters not whether the loan was made before or after the marriage. In either alternative, the right of action is in the wife alone, as settled in *Pickens v. Oliver, supra.*

If it be at all material, the fourth count, in our opinion, shows the account to have been stated before the marriage.

[3.] The first count, in claiming the debt as due by the defendant as administrator, under our system of pleading sufficiently alleges the debt to be due by the defendant in his representative capacity.—*Crimm v. Crawford,* 29 Ala. 623.

The grounds upon which the exceptions to the charge given, and the refusal to charge, were predicated, have not been shown to us in argument or brief. We perceive no objection to either. It is probable that what we have said will cover the points had in view when the exceptions were taken.

Affirmed.