## Boos vs. Gomber.

*Rights of married woman as to possession of land.* — *Evidence as to her possession.*

1. A married woman may sue alone for a trespass to land of which she was in possession, claiming it as her separate property, although her husband lived with her on the land and cultivated it for her, he having no right to the land except what those facts gave him.
2. If, after proof of her possession and of the trespass, the fact that she is a married woman, and that her husband lived with her on the land and cultivated it, appears on the cross-examination, parol evidence is admissible on her part to explain the nature of her possession and of her husband's occupancy, to rebut the presumption that the possession was in him; although such evidence would not be admissible to prove her *title*, or the court may have no jurisdiction to try the title to land.

APPEAL from the Circuit Court for *Milwaukee* County.

Trespass *quare clausum*, commenced in a justice's court. The plaintiff was a married woman; and she appeals from a judgment of nonsuit rendered by the circuit court. The question presented by the record is stated in the opinion.

*Peter Yates*, for appellant.

*D. H. Johnson*, for respondent.

PAINE, J. .This case has been here before, and it was then decided that a married woman, owning real estate as her separate property, may sue alone for a trespass upon it, although she had a husband who lived with her at the time upon the land and cultivated it, he having no other rights there except what those facts gave him. Those facts were admitted on the former trial. But, on a re-trial of the case, the defendant did not renew the

admission. And, after the plaintiff had testified that she was in possession of the land, and had stated the facts relied on to show the alleged trespass, the defendant's counsel, on cross-examination, called out the fact that she was a married woman, and that her husband lived with her on the land at the time of the trespass, and cultivated it. On a re-examination, the plaintiff's counsel asked her whose land it was, which was properly excluded, because, if the title had been in issue, it could not be proved in that way. But he also asked her what rights her husband had there, and other questions calculated to explain the real character of his occupancy. These were all excluded, upon the grounds, as stated by counsel, that the object was to prove the plaintiff's title, in order to rebut the presumption, arising from the facts called out on cross-examination, that her husband was in possession; and that, as the case was appealed from a justice's court, where the question of title could not have been tried, so neither could it be tried in the county court.

I think this conclusion is based upon a misapprehension of the effect of the testimony thus sought to be introduced. It had no tendency to prove her title. Its only effect would have been to explain the real character of the husband's occupancy. There is no conclusive presumption, arising from the fact of his living upon the land with her and cultivating it, that therefore the possession was his. All that can be said is, that, upon those facts, without any explanation whatever, the presumption would be that he was in possession. But it does not follow that they can be explained, and the presumption rebutted, in no other way than by proving her title. On the contrary, it seems clear that they may be. Possession is sufficient to maintain the action. And the question was, not whether the plaintiff had title, but whether she was in possession. She had sworn that she was — that she actually lived upon the land — and so had

made a *prima facie* case. This was rebutted by calling out the fact that she was married, and had a husband living with her on the land and cultivating it. But suppose she had explained this by saying that, before she married this husband, she lived upon and occupied this land, and that the only right or interest which he had in it was derived from marrying her and living upon and working it with her. This would have rebutted the presumption that the possession was his, and have left it where it was before the marriage. This would not have shown her title, but her possession. And its whole effect would be merely to explain the presumption which would otherwise have been derived from the husband's living upon and cultivating the land. In such a case, to explain the real character and nature of the husband's relation to the land is not to prove the wife's title, but is merely to rebut a presumption by which she is sought to be shown not in possession. And if it cannot be done, it would subject married women to the disadvantage of being compelled to sue in a court of record for all those small injuries to their possession for which all other suitors could sue in a justice's court.

This evidence ought to have been admitted; and the judgment must be reversed, and a new trial had.

*By the Court.* — Ordered accordingly.