## TRIEBER AND WIFE VS. STOVER & CO.

1. **MARRIED WOMEN:** *Enlarged rights and liabilities under the statute.*
   Under the statute a married woman may carry on a separate trade or business. And she may make contracts and sue and be sued in reference to it as if sole.
2. **HUSBAND:** *Liability on wife's contract.*
   The husband is not liable on contracts made by the wife in reference to her separate business.

APPEAL from *Phillips* Circuit Court.

Hon. W. H. H. CLAYTON, Circuit Judge.

*Rose*, for the appellant.

Section 8, of the act of April 28th, 1873, Pamphlet Acts, page 384, only provides that a married woman may be sued in "the courts of this state," and not that she may be sued at law. Therefore the principle that the contracts of a married woman, made during coverture, are void at law, is not affected by the statute.

The word "judgment," used in the statute, would, under former rules, be strictly appropriate to common law proceedings; but under the Code decrees are also called judgments. This is not the ordinary case of mistaken remedy, where an equitable cause may be tried at law by consent of parties, either express or implied; because at law the contract is void, and cannot be the subject of action. *Dobbin* v. *Hubbard*, 17 Ark., 189; *Fletcher* v. *Stillwell*, MSS. Ops. On this subject, Mr. Bishop says: "The practitioner should inquire, in the first place, whether, in express terms, or by implication, the statute authorizes the *femme covert* to make a contract binding at law; and if it does, then to bring his suit against her at law; if it does not, then the proceeding must be to charge her separate estate in equity." 2 Bishop on Married Women, sec. 240. See also, 1 id., sec. 39.

ENGLISH, CH. J.:

On the 8th August, 1873, Stover sued David Trieber and Carrie Trieber his wife, in the Phillips Circuit Court, on an open account contracted by the wife.

The complaint alleged:

That the defendant, Carrie Trieber, is the wife of defendant, David Trieber, and is engaged in the business of merchandising in her own name.

That defendant Carrie Trieber, is indebted to the plaintiff in the sum of $1,012.93, for goods and merchandise sold and delivered by plaintiff to the defendant, Carrie Trieber, and for interest upon money due from said defendant, Carrie, to plaintiff, particulars of which are set out in an account herewith filed, together with the credits, etc., leaving balance, etc., prayer for judgment, etc.

Defendants filed an answer, in which they admit that they are husband and wife, and that the wife, defendant, was engaged in the business of merchandising in her own name; and they controvert items in plaintiff's account, set up a counter claim, etc.

Trieber and Wife vs. Stover & Co.

There was a reply, trial by jury, verdict and judgment for plaintiff.

The defendant moved in arrest of judgment on the grounds:

*First*—That the suit was at law against husband and wife, upon a contract made with the wife alone during coverture.

*Second*—That the complaint shows no legal cause of action against defendants.

*Third*—No action at law lies upon the facts set out in the complaint, etc.

The court overruled the motion and defendants appealed:

*First*—The first question presented on the appeal is whether the wife can be sued in a court of law on her separate contract as a trader. It is insisted that she can be sued in equity only upon such a contract.

At common law, as a general rule, a married woman could not make contracts, or sue or be sued upon them, though she might by contract bind her separate property in equity. *Dobbins and wife* v. *Hubbard*, 17 Ark., 189; *Countz* v. *Marklin*, MSS. Op.; *Wood and wife* v. *Terry et al.*, MSS. Op.

But by act of April 28th, 1873: "A married woman may bargain, sell, assign and transfer her separate personal property, and carry on any separate trade or business, and perform any labor or services on her sole and separate account, and the earnings of any married woman, from her trade, business, labor or services shall be her sole and separate property, and may be used or invested by her in her own name; and she may *alone sue and be sued* in the courts of this State, on account of the said property, business or services." Gantt's Digest, sec. 4194.

And by sec. 4199, ib.: "Whenever a judgment shall have been recovered against a married woman, the same may be enforced by execution against her sole and separate estate or property, to the same extent and in the same manner as if she were sole."

And by sec. 4487, ib.: "A married woman may be sued upon contracts made by her in respect to her sole and separate property, or in respect to any trade or business carried on by her under any statute of this State."

The effect of these provisions of the statute was, no doubt, so far to remove the common law disabilities of a married woman as to enable her to carry on, in her own name, and for her own benefit, a separate trade or business, to make contracts in such trade or business, and to sue and be sued upon them in the courts as if sole—except that she cannot sue her husband in the law courts.

But must she be sued in a court of equity upon every contract made by her in carrying on such separate trade or business, regardless of the ordinary rules which distinguish matters of equitable, from matters of legal cognizance?

Such construction of the statute is not plausible.

If she employ a carpenter to fit her up a counter and shelves in her business house at a charge of fifty dollars, and is delinquent in paying the bill, must he sue her in chancery upon it? If a merchant sell her a bill of goods, no matter how small or large, in her separate line of trade or business, and she fails to pay the bill, must he resort to a suit in chancery to collect it? If she sell a *femme covert* a bonnet, and fits her up a dress, and her husband refuses to pay the bill when presented to him, must she resort to chancery to have it decided that the bonnet and dress were necessaries for the wife, suitable to her condition and rank in society, and that the husband is bound to pay for them?

Such a construction of the statute would defeat its manifest policy, whether it may be deemed wise or unwise.

If a merchant sell a married woman, engaged in carrying on a separate trade or business, goods, and take a mortgage upon her stock to secure the payment of the price of the goods, chancery is the appropriate court to foreclose the mortgage; but why a

creditor, upon an ordinary sale of goods to a married woman thus doing business, should be required to sue her in a court of equity to collect the bill, under the statute in question, we are unable to percieve.

Under similar statutes in other states, the wife may sue or be sued alone in the courts of law, where the subject matter of the suit is cognizable in the law courts. *Going* v. *Sarah A. Orns,* 5 Kansas, 85; *Presnell* v. *Herbert* (replevin suit by wife), 34 Iowa, 539; *Logan* v. *Hall,* 19 Iowa, 496; *Boos* v. *Gomber* (suit by wife alone for trespass on her separate property), 24 Wis., 499; *Pickens et al.* v. *Oliver,* 29 Ala., 529; *Spears, adm'r,* v. *Lumkin,* 39 Ala., 600; *Haynes* v. *Stoveall,* 23 Texas, 625; *Stull* v. *Howard* (suit by wife for her trunk), 26 Indiana, 456; Puterbaugh's Plead. and Pr., 64; *Madden* v. *Gilmer,* 4 Ala., 637; *Zachary* v. *Cadenhead,* 40 Ala., 236; *McKune* v. *McGarvey et al.,* 6 California, 497 (this was a suit against two married women, acting as sole traders, on a note made by them); *Emerson* v. *Clayton* (replevin by wife), 32 Ill., 495; *Davis* v. *Herrick* (trespass by wife against sheriff for attaching her sleigh), 37 Maine, 394; *Mininger* v. *Commissioners,* 10 Minnesota, 134; *Bracket* v. *Drew,* 20 New H. 442; *James, ex'r,* v. *Taylor,* 43 Barb., 530.

But the husband is not liable with the wife upon a contract made by her in her outside adventures as a separate trader.

A section of the statute which we have been considering declares, " That no bargain or contract entered into by any married woman in or about the carrying on of any trade or business, under any statute of this State, shall be binding upon her husband, or render him or his property in any way liable therefor." Gantt's Digest, sec. 4195.

There was no allegation in the complaint to charge the husband; no cause of action shown as against him, and yet a joint

judgment was rendered against the husband and wife for $1036.60.

Had he demurred to the complaint, on the ground that no cause of action was shown by it against him, the demurrer should have been sustained. Newman Plead. and Prac., 667. The judgment against him should have been arrested for the same cause.

The judgment must be affirmed as to the wife and reversed as to the husband. Gantt's Digest, sec. 1103.