## CHAFFE & BRO. *v.* OLIVER.

(*Circuit Court, E. D. Arkansas.* ———, 1880.)

1. **HUSBAND AND WIFE—MARRIED WOMAN'S SEPARATE PROPERTY—CONVEYANCE BY HUSBAND.**—A wife owned and resided with her husband upon lands which were her separate property and estate under the statute. Her husband conveyed these lands to a trustee to secure the payment of a debt. The trustee sold the lands in pursuance of the power contained in the deed of trust, and made a deed to the purchaser, after which the husband acknowledged himself to be a tenant of the purchaser, to whom he agreed to pay rent for the lands. In an action brought by the purchaser against the husband, for the possession of the land, *held*, that the wife should be admitted a defendant, and that upon these facts the plaintiffs could not recover.

Mrs. Oliver owned, and, with her husband, lived upon, certain lands, which were her separate property and estate under the statute. Oliver, her husband, conveyed these lands to a trustee to secure a debt due from him to the plaintiffs. His wife signed this conveyance, but her acknowledgment was defective. The trustee in the deed sold the lands under the deed of trust to the plaintiffs, and executed to them a deed therefor. After the sale of the lands Oliver leased them from the plaintiffs. According to the terms of that lease the plaintiffs are entitled to the possession of the lands, as against Oliver, and this action of unlawful detainer was brought against Oliver for the purpose of dispossessing him.

Mrs. Oliver filed her petition to be made a defendant, in which she sets up that the lands were her sole and separate property and estate; that she never executed and acknowledged the deed of trust which is the basis of the plaintiffs' claim to the lands, and that she never authorized or assented to the lease of the lands by the plaintiffs to her husband; that she is now, and for many years prior to the execution of the deed of trust and lease had been, in the actual occupancy and possession of the lands as her separate property and estate.

*Yonley & Whipple,* for plaintiffs.

*U. M. Rose,* for defendant.

CALDWELL, D. J. The learned counsel for the plaintiffs concede Mrs. Oliver's acknowledgment of the deed of trust is fatally defective. On the showing made Mrs. Oliver ought to be admitted to defend the suit. *Lewis* v. *Drewster*, 57 Pa. St. 410; *Johnson* v. *Fullerton*, 44 Pa. St. 466; Gantt's Digest, §§ 4481–2. In the deed conveying the lands to Mrs. Oliver the grantor declares the conveyance is "a gift of said lands which I make to my daughter as a portion of my estate, hereby intending to vest in her a separate property under the laws of Arkansas."

The grantor obviously intended to limit the estate to the separate use of Mrs. Oliver. This intention is expressed in terms, and the use of the word "separate," according to the modern English authorities, is sufficient of itself to exclude the marital rights of the husband. Bispham's Eq. § 100; 2 Perry on Trusts, §§ 647, 648; 1 Bishop on Married Women, §§ 817, 824.

The deed to Mrs. Oliver does not in terms pursue the language of section 8, *. 111, of Gould's Digest, but that is not necessary; that act was intended to extend and enlarge the rights of married women to their separate property, and restrict the common-law rights of the husband in the wife's property.

It certainly was not intended by that act to restrict the operation of the existing and well-settled rules of equity by which a wife was secured in the separate use of her property, and to declare that a conveyance that, by its terms, was in equity sufficient to limit the estate to the separate use of the wife, should no longer have that effect.

Any language in the deed which, prior to the passage of this act, would have been effectual to limit the estate to the separate use of the wife, was still effectual for that purpose after the passage of the act. 2 Bishop on Married Women, §§ 90–92.

In the absence of this statute, Oliver would, in equity, have held these lands as trustee for his wife. Under the statute both the legal and equitable titles were united in her, and, in the language of the act, she was possessed of them "in her

own right and name, and as of her own property." In a word, she was invested with the legal title, freed from the marital rights of her husband and the claims of his creditors. *Howell* v. *Howell, Adm'r,* 19 Ark. 345; 1 Bishop on Married Women, §§ 799–801; *Allen* v. *Hightower,* 21 Ark. 316.

In the absence of the statute, Mrs. Oliver would have been driven to her remedy in equity to recover this property, (1 Bishop on Married Women, § 801,) and in this court she could not have availed herself of her equitable title as a defence to this suit; but, under the statute, she is the legal owner of the lands, and by the provisions of the Code may sue and defend in her own name, at law, for the protection of her right. Gantt's Digest, § 4487; *Trieber and Wife* v. *Stover & Co.* 30 Ark. 727.

The deed to Mrs. Oliver, by its terms, disclosed that these lands were her separate estate; and this deed was recorded before the execution, by her husband, of the deed of trust to the plaintiffs, and before the execution by him of the lease to the plaintiffs. The record of the deed was notice to the plaintiffs, and equivalent to filing a schedule. Gould's Digest, § 8, c. 111. The deed of trust and lease were nullities as against Mrs. Oliver. Oliver had no possession of the lands or right of possession, but entered under and in subordination to his wife's title. If it be conceded that the lease estops him to deny plaintiffs' title, it does not bind or estop his wife, who all the time has been in the possession of the lands, and entitled to the rents and profits, to the exclusion of her husband and his grantors. She is now here setting up her rights, and she cannot be deprived of them by any lease or other devise of her husband. She is entitled to a judgment that will leave her in the enjoyment of that which is clearly hers.

Such a judgment necessarily enures to the benefit of her co-defendant, her husband, because, if one defendant shows a good right to the exclusive possession of the whole premises, the plaintiffs have no right of possession, and their action fails as to all of the defendants.

It would be a vain thing to render judgment in favor of the plaintiffs, and against one defendant, upon a record and

evidence that disclosed that neither that defendant nor the plaintiffs had any title or right of possession. Besides, the husband has a right to live with his wife on her lands, and a judgment of ouster against him on a lease of her lands, not assented to by her, and which he had no right to make, and that did not bind her, would result in dispossessing the wife from her lands, or in separating husband and wife. Neither of these things can be done. The right of possession in the wife enures to the benefit of the husband, in such case, and as the plaintiffs have no right of possession against the wife, they have none against the husband, by reason of the paramount right and duty of husband and wife to live together, and which is a right and duty founded on such high considerations of public policy that no instrument executed by either can be used by a third party, by way of estoppel or otherwise, to destroy the right or release from the duty.