## KENNEMORE v. KENNEMORE.

1. A witness, once having an interest and a nominal party defendant to the action, is not incompetent to testify in behalf of defendants to transactions between a person deceased, under whom the plaintiffs claim, and a third person.
2. Circuit Judge concurred with referee that there had been a parol partition. Such concurrence in findings of fact in the court below is rarely disturbed, and was approved in this case.
3. A parol partition is binding upon the parties if there is sufficient proof of part performance to take it out of the statute of frauds; and actual possession is the most satisfactory evidence of part performance.

Before HUDSON, J., Pickens, September, 1886.

This was an action for partition and account.    The plaintiffs were the heirs at law of Moses Kennemore, and the defendants, together with Moses Kennemore, were the heirs at law of George Kennemore.    The point at issue was the shares of the parties, dependent upon whether Moses, by partition made in his life-time, had parted with his interest in the land, the subject of the action. The evidence of this partition is stated in the opinion, and in the "Brief" appears an admission, "that the deeds referred to in book 'I,' pages 147 and 148, are two conveyances from Lott Kennemore, Moses Kennemore, and George Kennemore to Milton Mauldin, on the 19th of September, 1859, one for 38 acres and the other for 22¾ acres, and that these two parcels of land are a part of the 225 acres contained in exhibit 'A' as being deeded by Lott Kennemore to George and Moses.    It is further admitted that the said deeds acknowledge the consideration to the grantors in these words, 'to us in hand paid by Milton Mauldin.' "

*Mr. James P. Carey*, for appellants.

*Messrs. Wells & Orr*, contra.

March 11, 1887.    The opinion of the court was delivered by

MR. JUSTICE MCGOWAN.    In 1859, Lott Kennemore sold and conveyed to his two sons, Moses and George, a tract of land by metes and bounds, containing 225 acres, with a reservation in favor of himself and wife, Rebecca, during their lives.    Moses and George both died in 1864, during the war—George intestate and unmarried, leaving his father and brothers and sisters as his heirs at law.    Moses, soon after the deed aforesaid, removed to Georgia, and he left as his heirs at law a widow and children. After the death of George, the father, Lott Kennemore, made a deed of 100 acres of the part upon which George had lived to Elias E. Kennemore, and he, being in possession of the land, purchased the interests of Jacob and Judy Kennemore and of Phœbe Mulinix.

In 1885, Lott Kennemore and his wife, Rebecca, being dead,

the plaintiffs, survivors of the widow and children of Moses, instituted this proceeding against Elias E. Kennemore in possession and the other heirs for partition of a tract of land, parcel of that which had been conveyed to Moses and George, containing 147 acres, claiming one-half as the lineal heirs of their ancestor, Moses, claimed to be joint-tenant with George; and also their share of the other half as the collateral heirs of their uncle, George. This claim was resisted, and the other heirs of George alleged that soon after the deed of 1859 to Moses and George, they had a parol partition, running and staking off the line between them, and that Moses sold his part to Milton Mauldin and removed to Georgia, and that the land now to be divided belonged in severalty to George, and should be partitioned among his heirs. Really the main question in the case was whether there had been a parol partition and possession in severalty by the parties.

The cause was referred to J. J. Lewis, Esq., as special referee. The defendants offered Jacob Kennemore, another brother of George and Moses, to prove the parol partition between the dead brothers and the sale of his parcel by Moses to Milton Mauldin. The testimony was admitted against the objection of the plaintiffs, and the referee, among other things, found "that some time in the fall of 1859, George Kennemore and Moses Kennemore made a parol partition of the land deeded to them by their father; that Moses sold his part to Milton Mauldin, and George went into possession of his part," &c. Upon exceptions to this report, Judge Hudson confirmed it, adjudging that there was a valid and binding parol partition between Moses Kennemore and George Kennemore, in the fall of 1859, of the land conveyed to them in January, 1859, by Lott Kennemore, and ordering partition accordingly. The plaintiffs appeal to this court upon the following exceptions:

I. "Because the testimony of Jacob Kennemore, a party in interest, was inadmissible to prove declarations and transactions between himself and Moses and George Kennemore, deceased, as well as to prove declarations and transactions between the said Moses and George Kennemore, the said Jacob Kennemore participating in the said transactions and declarations at the time of their occurrence, and his honor erred in admitting the same and

overruling plaintiffs' exceptions to the referee's report, finding a parol partition of the land in dispute.

II. "Because all the testimony introduced to prove the parol partition was vague, uncertain, and indefinite, and does not furnish the clear proof that the law requires.

III. "Because his honor erred in holding that there was a valid and binding parol partition between Moses and George Kennemore, in the fall of 1859, of the land conveyed to them by Lott Kennemore, whereas he should have held that the evidence was, in law, too indefinite and uncertain to establish a parol partition.

IV. "Because his honor erred in holding that the said partition was consummated by the sale of his part by Moses and the possession of his part by George; whereas he should have held that there was no sufficient evidence of sale by Moses, and no evidence that he ever took possession or gave any one else possession of any part of the said land, or received any money for the same, George simply continuing the possession with his father, Lott Kennemore.

V. "Because his honor erred in holding that all of the land deeded by Lott Kennemore to his sons, Moses and George, except the two tracts deeded by Moses to Milton Mauldin, fell to George, and is liable to partition amongst the parties to this suit as heirs of George; whereas he should have held that the said tract of land was liable to partition among the heirs of Moses and George, as set forth in the complaint.

VI. "Because the evidence in the case is manifestly insufficient to establish a parol partition, or such possession as will make it valid, and his honor erred in not so holding."

As to the admission of the testimony of Jacob Kennemore, who had disposed of his interest in the lands, but was nominally a party. When the testimony was first offered, objection was made, and it was taken down subject to objection. It seems, however, that there was no exception to the referee's report on that ground, and that the matter was not considered by the Circuit Judge. He made no ruling upon the subject, and does not even state whether it was considered in reaching his conclusions. But waiving that, why was it not admissible? The witness said: "They [the brothers, Moses and George] ran off the land; I and George

carried the chain, and they divided the land. Moses sold his part to Milton Mauldin; the balance of the land was to be George's, provided he paid off the judgments against my father. Moses got his land in two pieces, one piece adjoining Mary A. O'Dell, and the other adjoining Milton Mauldin. George got his land in one tract. Elias Kennemore now owns the land George got [that in contention]. I was present when this division took place, and saw it. * * * Moses sold his land right off. George lived with father on his, George's, part," &c. It seems to us that Jacob only stated what, being present somewhat as a bystander, he saw and heard take place between the brothers now dead. "Under the proviso to section 400 of the Code of Procedure, a witness in interest is not incompetent to testify to communications and transactions between a person deceased and *some third person." Hughey* v. *Eichelberger,* 11 *S. C.,* 36; *McLaurin* v. *Wilson,* 16 *Id.,* 402; *Robinson* v. *Robinson,* 20 *Id.,* 567.

The only other question is one mainly of fact, whether the judge committed error in finding that there was a valid and binding parol partition between Moses and George Kennemore of the land conveyed to them in 1859. As to the fact, the Circuit Judge concurred with the referee, and in such case it is very well known that this court will rarely disturb the finding below. It seems to us, however, that the finding is not without evidence to support it. A portion of the lands conveyed to the two sons, most certainly afterwards (about the time Moses removed to Georgia) was sold to Milton Mauldin. True, the deed was signed by the father and the two sons, but as the father had reserved an interest during his life, it was probably signed in that way in order to prevent any question as to the title.

We know of no reason why there may not be a parol partition as well as a parol sale of lands, provided there is sufficient proof of part performance to take the transactions out of the statute of frauds. Actual possession is deemed the most satisfactory evidence of part performance. See *Slice* v. *Derrick,* 2 *Rich.,* 629; 4 *Johns.,* 212; *Mims* v. *Chandler,* 21 *S. C.,* 480. It is very manifest that the part sold to Milton Mauldin has been in his exclusive possession for years; and George had possession of the other until he died in 1864. On his part was the old homestead,

and as he was unmarried he very naturally lived there with his father; but the title was in George, and that determined the possession, especially as the father, in conveying the lands, had reserved the use of the house and lot and garden, &c., during his life and that of his wife, Rebecca; and his presence in the house with George was precisely in accordance with that "reservation."

The judgment of this court is, that the judgment of the Circuit Court be affirmed.