ROUNTREE v. LANE.

1. Where the parties in interest orally make partition of land amongst themselves, and each takes and retains for eleven years exclusive possession of the portion so assigned to them respectively in severalty, the court will sustain the partition.
2. Concurrent findings of fact by master and Circuit Judge approved.
3. One of the grantors named in a deed as the parties to whom the consideration was paid, may testify that he was so named and signed the deed only for the purpose of perfecting paper title, and that he claimed or received no part of such consideration.

Before NORTON, J., Barnwell, November, 1888.

Action by Perry Rountree, Eaves Rountree, Whitmore Rountree, Richard Rountree, and M. L. Anderson against Julia Lane and William D. Lane, commenced March 6, 1888. The Circuit decree was as follows :

Upon the issue as to the agreement to adopt the divisions made in the life-time of the parents, there is an irreconcilable contradiction in the testimony. I concur with the master. The witnesses may be equally credible, but the circumstances corroborate the master's view. The deed by W. D. Lane and his brother and sisters to Blanton is relied on as an estoppel of Julia Lane to deny that the one hundred and fifty acre tract had not been set off to John R. Lane in the alleged partition, and that failing in this material part, the whole partition must be considered unproven, and taken in connection with the deed to Mrs. Anderson and Mrs. Rountree by John R. Lane, it would estop her (she having renounced dower on the former) if she and her husband had received their portion of the consideration paid by Blanton, and had known of the latter deed. But here, also, is a conflict of testimony, and I again concur with the master.

The testimony of W. D. Lane, that he received no part of the money consideration expressed in the Blanton deed, is important and competent; and being believed, in connection with the other circumstances in the case, indicates that the whole of that consideration was paid to John R. Lane, and that the consideration which moved defendants was their moral obligation to perfect

titles to that which had been set off to John R. Lane in the partition, so that he could sell it.  This is an equity case, and if the equity be established, it must prevail over the legal estate; and it is as binding on the share deeded to plaintiffs as on the shares originally held by them, for they knew what title defendants had when they accepted the deed.

It is ordered and adjudged, that the exceptions to the master's report be and hereby are overruled, and that the complaint be dismissed.

The deed from David Burckhalter conveyed a fee conditional to Farlina Lane.  He intended to convey the fee, and used apt words both in the premises and in the *habendum* to do so.  In the premises, he does use executors, administrators, and assigns redundantly, as shown by the *habendum*.  The office of the *habendum* is properly to determine what estate is granted by the deed, though this may be, and sometimes is, performed in the premises; in which case the *habendum* may lessen, enlarge, explain, or qualify, but not totally contradict or be repugnant to, the estate granted in the premises. 2 Bl. Com., \*298; *Stockton* v. *Martin*, 2 Bay, 471.  Where the limitation to heirs of the body is expressed in terms which import an intention to create in them an estate in fee, a different estate from that which they would take if the rule in Shelley's case should be applied, the rule would not apply.  McIver, A. J., 23 S. C., 56.  The redundant words, executors, administrators, and assigns, in the premises, are not words of inheritance, and could not create a fee in the heirs of the body of Farlina Lane, if they were determined to have been used as words of purchase; and such construction would consequently confine such heirs to a life estate, and on the death of the survivor of the grantees, the 386 acre tract would revert to David Burckhalter or his heirs.  The deed of Farlina Lane to Julia Lane, therefore, gave the latter good title to the land in her possession, *i. e.*, the 186 acres; and upon this ground the result reached by the master might be affirmed.

*Mr. W. A. Holman*, for appellant.

*Mr. Geo. H. Bates*, contra.

11—32

February 26, 1890. The opinion of the court was delivered by
MR. JUSTICE McGOWAN. In 1846 one David Burckhalter
conveyed to his daughter, Farlina, wife of David Lane, a tract of
land, containing, by resurvey, 385 acres, "during her natural life,
and after her death to the heirs or heir of her body that may then
be living, her and theirs, his or her executors, administrators, and
assigns," &c. Farlina died in 1877, leaving as her heirs four
children, viz., W. D. Lane, Ursula Rountree, Missouri L. Ander-
son, and John R. Lane.

The plaintiffs, children and grandchildren of Farlina, claiming
to be tenants in common, or remaindermen under the Burckhalter
deed, instituted this action for partition of the same. The defen-
dants, W. D. Lane and his wife, Julia Lane, made two defences:
*First.* That the Burckhalter deed to Farlina Lane gave her, not
a mere life estate with remainder over, but a fee conditional; and
the condition being performed, she, in her life-time, conveyed the
186 acres, now in possession of defendants, to Julia Lane, the
wife of W. D. Lane, which belongs to her in fee, and is not sub-
ject to partition. *Second.* That the children of Farlina Lane,
besides their interest under the deed to their mother, had inherited
from their father, David Lane, another tract of land, containing
150 acres, known as the "Lane homestead," and assuming that
they were tenants in common of both tracts, the Burckhalter land
and the Lane homestead, the four children in 1877, a few days after
the death of Farlina Lane, met together and mutually agreed upon
an oral partition of all the lands, and that in this partition the
tracts upon which three (3) of them had already settled (W. D.
Lane, Mrs. Rountree, and Mrs. Anderson), were assigned to them
in severalty, and the "Lane homestead" tract of 150 acres was
assigned to John R. Lane, who afterwards, to pay a debt, had
conveyed it to W. T. Blanton, and on the same day conveyed his
interest in the Burckhalter land to his sisters, Mrs. Rountree and
Mrs. Anderson ; and that said partition had been confirmed and
ratified by the acquiescence and possession of all the parties until
the action was brought in March, 1888.

The issues were referred to Master C. Duncan Bellinger, Esq.,
who decided "that the defence of the oral partition was fully sus-
tained by the testimony ; that the lands in question were parti-

tioned in 1877, after the death of Mrs. Farlina Lane, by and among all the Lane heirs; and that said partition has been fully ratified and confirmed by the subsequent act of all the parties, and that the plaintiffs have no right now to come into court and have the same partitioned again," &c. The case coming up on exceptions to this report, his honor, Judge Norton, concurred with the master, saying: "I concur with the master. The witnesses may be equally credible, but the circumstances corroborate the master's view," &c. He also observed, that, if it were necessary, he would hold that the Burckhalter deed gave to Mrs. Lane a fee conditional in the land, and that her deed in her life-time to Mrs. Julia Lane, gave the latter good title to the 186 acres in her possession, and he dismissed the complaint.

From this decree the plaintiffs appeal upon the following grounds: "1. Because his honor erred in holding that the deed from David Burckhalter to his daughter, Farlina Lane, conveyed to her a fee conditional estate. 2. Because his honor erred in sustaining the master as to the admissibility of the testimony of W. D. Lane, wherein he was allowed to contradict the recitals of his deed to Blanton, as to the consideration therefor. 3. Because his honor erred in holding that the joint deed of W. D. Lane and his co-heirs to W. T. Blanton of the homestand land, in which Mrs. Julia Lane renounced her dower, did not operate as an estoppel upon the said W. D. Lane and Julia Lane from saying that they had no title when said deed was executed. 4. Because his honor erred in holding that the equitable title to the defendant, Julia Lane, should prevail over the legal title of the plaintiffs; whereas, it is submitted that, inasmuch as the equitable title of defendants (if established at all) was only established upon testimony which was sharply contradicted, no such equity as is contemplated by law has been established, so as to defeat the plain legal title, &c."

We do not think it necessary to go into the question as to what estate the Burckhalter deed gave to Mrs. Lane. Assuming, as the plaintiffs contend, that it only gave a life estate, with remainder over to her heirs as purchasers, we see no reason to doubt that, after the death of Mrs. Lane, her children, all being alive and of full age, could effect an oral partition among themselves,

each one having his or her parcel marked out by a plat, giving the metes and bounds, and the parties being placed in exclusive possession of the parcels assigned to them respectively. In *Kennemore* v. *Kennemore* (26 S. C., 251), it was held that "a parol partition is binding upon the parties, if there is sufficient proof of part performance to take it out of the statute of frauds; and actual possession is the most satisfactory evidence of part performance," &c. The master found, and the Circuit Judge concurred with him, that there had been an oral partition between all the Lane heirs, and that each one was placed in exclusive possession of the parcel assigned to him or her. In case of such concurrence, it is very well known that this court is reluctant to disturb the finding, and will not do so unless it is manifestly against the weight of the testimony. We have carefully read the testimony in the case, and we think the finding is not without evidence to support it. Indeed, it seems to us that the testimony, especially as to possession in severalty, is stronger in this case than it was in that of *Kennemore* v. *Kennemore, supra;* it is certainly so as to three (3) of the parties, viz., Mrs. Rountree, Mrs. Anderson, and W. D. Lane, the parcel of the latter being assigned to his wife, Julia. It seems that the fourth child (John R. Lane) had assigned to him the homestead place, and was put in exclusive possession; but that he afterwards sold it to one Blanton in payment of a debt, and on the same day transferred to his sisters whatever interest he might still have in the Burckhalter land, and is not now claiming anything.

The third exception charges error in admitting the testimony of W. D. Lane, wherein he was allowed to contradict the recitals in the deed to W. T. Blanton, as to whom the consideration was paid. It seems, that when, in 1877, John R. Lane sold the homestead parcel to Blanton, the deed was signed, not by John R. Lane alone, but by all the heirs, including W. D. Lane, and that circumstance was relied on to negative the proof of a previous partition, in which that tract had been assigned to John R. Lane in severalty. It appeared that John R. had been in exclusive possession, cultivating the land, and that it had been levied on as his property for his debt; but the creditor, Blanton, desired all the heirs to sign the deed. In parol partition, the parties do not

get paper title, and we can well understand how a stranger might prefer that all the heirs should sign, in order, as in *Kennemore* v. *Kennemore, supra,* "to prevent any question as to the title." For the purpose of explaining why they had all (including himself) signed the deed to Blanton, W. D. Lane was called, and he was allowed to say that he received no part of the consideration. Mr. Greenleaf, in a note to section 26, says: "Though the party is estopped from denying the conveyance, and that it was for a valuable consideration, yet the weight of American authority is in favor of treating the recital as only *prima facie* evidence of the amount of consideration paid," &c.—citing many authorities, and among them our own cases of *Garrett* v. *Stuart,* 1 McCord, 514, and *Curry* v. *Lyles,* 2 Hill, 404.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.