## 11042

### SPARKS v. UNION MFG. & POWER CO.

#### (114 S. E., 322)

1. PARTITION—PAROL PARTITIONS BINDING ONLY ON THE PARTICIPANTS. —Parol partitions are recognized, but bind only the participants therein, and a parol petition by trustees of an estate was not binding on remaindermen.

2. REMAINDERS—CONTINGENT REMAINDERMEN SHOULD BE PARTIES TO ACTION FOR PERMANENT INJURIES TO LAND.—Where land was devised to trustees for the use of testator's son and daughters for life, with a remainder to their children then living, and the land was orally partitioned by trustees, the children of the daughters should have been made parties plaintiff to an action for permanent injuries

to the tract of land allotted to testator's son; the parol partition not binding the remaindermen, and the daughters having contingent interests in the land allotted to the son.

Before Wilson, J., Union.   Reversed with directions.

Action by C. E. Sparks as trustee, and others against the Union Manufacturing & Power Co.   Judgment for plaintiff, and defendant appeals.

*Messrs. Elliott & McLain and J. Gordon Hughes,* for appellant, cite: *Parol partitions:* Rice, Eq., 198; 2 Rich. L., 629; 6 Rich. L., 137; 3 Brev., 97; 5 Am. Dec., 548; 26 S. C., 251; 32 S. C., 160; 30 Cyc., 166; 74 S. C., 538; 20 R. C. L., 722; 80 S. C., 460; 65 Fed., 750.

*Messrs. Barron, Barron & Barron and Dobson & Vassy,* for respondents, cite: *Defect of parties not proper ground for nonsuit:* 72 S. C., 39; 54 S. C., 203.  *Sufficient to show damage from dam, without showing negligence in construction:* 95 S. C., 268.

October 20, 1922.

The opinion of the Court was delivered by Mr. Justice Cothran.

Action for $10,000 damages on account of alleged injury to plaintiffs' land, caused by the erection and maintenance of a dam by the defendant across Broad river at Neal's Shoals.   The claim is for past, present, and future damages.   The plaintiffs recovered a judgment for $650 from which the defendant has appealed; the principal ground of the appeal being the contention that other persons not named as parties to the action have an interest in the land alleged to have been injured.

It appears that one William R. Briggs, of Union County, owned a tract of land containing several hundred acres, of which the tract described in the complaint was a part.   He had three children, a son, F. G. Briggs, and two daughters, Mrs. Brown and Mrs. Palmer.   In 1900 he died, leaving a

will, in which he appointed his two sons-in-law, J. A. Brown and W. M. Palmer, executors, and directed them to sell the personal property for the payment of his debts, and authorized them to sell so much of the real estate as might be needed to supplement the personal property for the purpose stated. The will then directed that after the payment of .debts the real estate should be divided into three equal parts by three disinterested persons, to be named by the executors. One part he devised to his son-in-law J. A. Brown, in trust for the use of the testator's son, F. G. Briggs, for life, remainder to the child or children of F. G. Briggs then living, in fee. A second part he devised to his other son-in-law, W. M. Palmer, in trust for the use of the testator's daughter, Addie Palmer, for life, remainder to W. M. Palmer for life, remainder to the child or children of Addie Palmer then living in fee. The third part he devised to his son-in-law, J. A· Brown, in trust for the use of the testator's daughter, Forestine Brown, for life, remainder to J. A. Brown for life, remainder to the child or children of the testator's son, F. G. Briggs, and his daughter, Addie Palmer, then living, in fee, The son, F. G. Briggs, has several children, the plaintiffs Mrs. Sparks, Mrs. Crawford, Mrs. Watts, W. R. Briggs, F. G. Briggs, Jr., Lawrence Briggs, and Lorine Briggs; the last two being minors at the commencement of this action, April 14, 1920. The daughter, Mrs. Palmer, also has several children, whose names are not set forth in the record. The daughter, Mrs. Brown, has no children.

After the death of W. R. Briggs the executors qualified, and appointed three disinterested persons to divide the land as directed by the will. They proceeded to have it surveyed and divided into three tracts. How the allotment of the several tracts was accomplished does not appear. The trustee J. A. Brown (for F. G. Briggs et al.) went into possession of the 272-acre tract involved in this litigation, and has been in possession for the last 18 or 20 years.

There was no partition in Court; no deeds were executed; no report of the three disinterested persons was submitted; no records whatever made. The possession of the three trustees is the only evidence of the partition. The other two trustees, W. M. Palmer, for his wife, Addie Palmer, and her two children, and J. A. Brown, for his wife and the children of F. G. Briggs and Addie Palmer, severally went into possession of the other two tracts and have so continued. If no partition had been made, it is clear that the children of F. G. Briggs took contingent remainders in a tract to be set off to J. A. Brown, trustee, representing one-third of the land, and also contingent interests as heirs at law of W. R. Briggs in both of the other tracts, in the event that Addie Palmer should die leaving no children at her death to take in remainder upon the deaths of Addie Palmer and Forestine Brown, respectively.

It is equally clear that the children of Addie Palmer took contingent remainders in the tract to be set off to W. M. Palmer, trustee, representing another third of the land, contingent remainders also in the tract to be set off to J. A. Brown, trustee for Forestine Brown, and also contingent interests as heirs-at-law of W. R. Briggs in the tract allotted to J. A. Brown, trustee for F. G. Briggs, in the event that F. G. Briggs should die leaving no children at his death to take in remainder upon the death of F. G. Briggs. So that, if there has been no such division of the land as directed by the will, binding upon the children of Addie Palmer, the land is still subject to division, which might result in such an allotment as would give the children of Addie Palmer a direct interest in the 272-acre tract now in the possession of the trustee of F. G. Briggs, the subject of the present controversy.

It will be noticed that the children of F. G. Briggs are made parties plaintiff to this action, and would hereafter be bound by their failure to object to the allotment which appears to have been made; but the children of Mrs. Palmer

have not been, and of course are not bound. The defendant, sued for damages, past, present, and future, has the right to insist that the persons adjudged entitled to such damages have as valid a title to the property alleged to have been damaged as if they proposed to make a conveyance in fee simple of the rights involved to the defendant. The pivotal question, therefore, is the validity of the parol partition of the land, as affecting the interests of the children of Addie Palmer, not only as to their contingent interests, but as to their interest, in this particular tract, and of the trustees of the other two tracts and their beneficiares.

The active participants in the parol partition were the several trustees, who at best held the legal title only the extent of the several life estates. There was no duty for them to perform in reference to the fee in remainder, and consequently the statute executed the use so far as it was concerned. Nothing that they could do could affect the interests of the remaindermen. Parol partitions are recognized in this state, but they bind only the participants therein. *Goodhue v. Barnwell,* Rice, Eq., 198; *Slice v. Derrick,* 2 Rich., 629; *Jones v. Reeves,* 6 Rich., 137; *Brown v. Spand,* 2 Mill, Const., 12; *Haughabaugh v. Honald,* 3 Brev., 97; 5 Am. Dec·, 548; *Kennemore v. Kennemore,* 26 S. C., 251; 1 S. E., 881; *Rountree v. Lane,* 32 S. C., 160; 10 S. E., 941; 20 R. C. L., 722; *Mims v. Hair,* 80 S. C., 460; 61 S. E., 968; *Berry v. Seawell,* 65 Fed., 750; 13 C. C. A., 101.

This is not an action for damages resulting simply from an injury to the possession. The allegation is of a permanent injury to the land, in which the owners of the fee are interested, and if they are not bound by the parol partition, the defendant would by an affirmance of this judgment be required to pay for what may subsequently be taken from it. If this action had been brought for the double purpose of confirming the parol partition and for damages on account of the injury to the tract

allotted to the plaintiffs; the result would likely have been sustained.

The judgment of this Court is that the judgment of the Circuit Court be reversed, and that the case be remanded to that Court for a new trial, with direction that the children of Addie Palmer be made parties, and with leave to the plaintiffs if so advised, to amend the complaint by appropriate allegations to confirm the parol partition.