15051

DUNNING v. FIREMAN'S INS. CO. OF NEWARK, N. J.

(8 S. E. (2d), 318)

*Messrs. Benet, Shand & McGowan,* for appellant,

*Mr. James H. Hammond,* for respondent,

April 1, 1940.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

The appellant complains of the action of the trial Judge in directing a verdict for the respondent in the trial of a case based upon a policy of fire insurance issued by appellant to respondent on a dwelling house located on Lemon Island, off the southern coast of this State. The policy also covered furniture in the house, but there is no contest as to this coverage.

The respondent was the sole owner of Lemon Island, but on January 2, 1935, the property was conveyed to a corporation, created for the development of Lemon Island, in which corporation the respondent and one, Benjamin C. Smith, were the sole officers, directors and stockholders. The plan for development of the island was not carried forward; whereupon, respondent and Smith agreed to abandon the project and divide the island between themselves. The division was made, the line of the division being marked upon a plat, and although the parties intended that deeds be drawn carrying into effect the proposed division at the time of the fire no deeds had been executed or delivered, and there had been no formal dissolution of the corporation or cancellation of the charter.

Prior to the issuance of the policy the respondent went into possession of his part of the island and Smith took possession of the remainder. Respondent then built a home on his portion of the island and on July 26, 1937, a policy of insurance was written in the amount of $2,500.00: $1,-750.00 on the dwelling and $750.00 on the furniture. The policy stated that respondent was the sole owner of the insured property.

The house was destroyed by fire on the night of January 12, 1938, and respondent filed proof of loss in accordance with the terms of the policy. Payment of the insurance covering the dwelling being refused, respondent brought this case which was tried before Judge A. L. Gaston and a jury on April 14, 1939. At the conclusion of the testimony both

parties made a motion for a directed verdict and the jury was instructed to write a verdict in favor of respondent.

Respondent's motion for direction of verdict was based upon two grounds: First, although the respondent did not have the legal title to the insured property, that being in the corporation, yet he did possess an equitable title, an insurable interest in the premises, and the sole equitable interest; and the second, that no tender or return of the premium was made until the trial of the case. The appellant's motion for direction of verdict was predicated upon a clause of the contract of insurance, also pled in the answer, providing that the policy shall be void (a) if the interest of the insured be other than unconditional and sole ownership; or (b) if the subject of the insurance be a building on ground not owned by the insured in fee simple, and according to the testimony the interest of respondent in the insured property was not unconditional and sole ownership and the dwelling house was not on ground owned by the insured in fee simple.

We have no element of waiver of the forfeiture by reason of the legal title being in the corporation for it is not contended that appellant had any knowledge of this fact until after the fire. The facts of the case are not in dispute upon any feature. And it may be further added, in order to clarify the issues, that Smith, who testified in the case, fully corroborated respondent's testimony and declared that he had not, and did not, assert any claim to the half of the island upon which respondent constructed the dwelling.

It is then the contention of respondent that, although he did not possess the naked legal title to the premises at the time of the issuance of the policy or at the time of the fire, yet he had the entire equitable title thereto which would defeat the forfeiture relied upon by appellant.

This Court has heretofore held that an equitable title is the subject of insurance as well as a legal title. *Scott v. Liverpool & London & Globe Insurance Co.*, 102 S. C., 115, 86 S. E., 484.

Pertinent to the issue in question we find the following general statement of the law in 26 C. J., 173:

"If insured possesses the equitable title to the premises, the fact that the naked legal title is outstanding, which he has a right to compel to be transferred, will not amount to a breach of a condition that he is the owner, that his interest is absolute, or that his title is not other than sole and unconditional ownership. So one in possession of land under a parol gift is the absolute owner in fee simple within a policy declaring that it shall be void if the building be on land not owned by insured in fee simple, although other authorities have held that the title of such donee does not satisfy a provision of the policy requiring insured to be the unconditional owner 'by a title in fee simple.' The absence of a deed when insured is the real owner, although the record title rests in another, will not affect his right to recover, unless the policy expressly provides that it shall be void if the title is not evidenced by deed. * * * ."

In this instance we have a corporation, purely private in nature and character, in which all stockholders, officers and directors agreed to abandon the corporate fiction or body and to divide the corporate property among the stockholders. The division was made and corporate activities ceased, but there was no compliance, or attempt to comply, with the statutory procedure for dissolution. In the absence of any complaining stockholders or creditors the division of the corporate property in the manner as consummated in this case is open to little criticism, if any. In point we quote from 13 Am. Jur., page 1163, Section 1293: "Unquestionably, all corporations are not under positive obligation to the state of their creation to carry on the business for which they were formed. Purely private corporations may, as a general rule, at any time put an end in fact to their transactions in whole or in part. They may, subject to the rights of creditors and a qualified right of minority dissenting stockholders, sell all the corporate property and after payment of the corporate debts dis-

tribute the balance among the stockholders, thereby in effect working a dissolution of the corporation."

The abandonment of corporate activities and division of property between respondent and Smith, "while not *de jure* a dissolution of the corporation, *de facto* it had that result." There being a *"de facto* dissolution,"* and the validity of an oral partition being recognized, *Kennemore v. Kennemore,* 26 S. C., 251, 1 S. E., 881; *Rountree v. Land,* 32 S. C., 160, 10 S. E., 941, respondent then had the equitable title to the premises, for it cannot be denied that under these circumstances he had a right to compel the conveyance of the outstanding legal title.

The insured, the respondent, had the exclusive use and enjoyment of the entire estate of that part of Lemon Island partitioned off to him and he alone sustains the loss occasioned by the fire.

The meaning of "owned by the insured in fee simple" finds explanation in 26 C. J., 172, Section 209; a portion of this section being quoted: "The words 'owned in fee simple,' 'title in fee simple,' 'absolute title,' or 'absolute title in fee simple,' refer not to the nature of the title, whether legal or equitable, but to the nature of the ownership; they do not import that insured can show an indefeasible title, free from defects and good against all persons, or even a valid legal title at all, and an outstanding naked legal title, or defects in the title or title deeds of insured, if he claims under a deed or other evidence of title purporting to invest him with an estate in fee simple, do not constitute a breach or avoid the insurance where the policy is conditioned on any of these statements. Where a policy is conditioned to be void if the title is not absolute, the question is, first, whether insured had an insurable interest in the property, and second, whether, if the property were destroyed, the entire loss would fall on him. * * * ."

The validity of the sole and unconditional ownership in fee-simple clause is well recognized in this State and all other jurisdictions, but it might be added that we do not find present in this case any of the elements that under the authorities tend to present the applicability of the clause, to wit: That the interest of the insured was such that it might tend to encourage carelessness or wrong-doing. in the use or preservation of the property, or by reason of his ownership any temptation to perpetrate a fraud upon the insurance company.

In view of our conclusion that the trial Judge was correct in directing a verdict for the respondent, it is not necessary to consider the remaining exceptions or questions raised by appellant.

Judgment affirmed.

MR. CHIEF JUSTICE BONHAM, MR. JUSTICE FISHBURNE and MESSRS. ACTING ASSOCIATE JUSTICES E. C. DENNIS and WM. H. GRIMBALL concur.