### MONTGOMERY and Wife *v.* SPRANKLE and Another.

MARRIED WOMAN.—*Partner.*—*Separate Property.*—A married woman cannot bind herself as the partner of her husband; nor do the facts that she holds herself out as such partner and that her property gives credit to the pretended firm charge her property with an indebtedness contracted by such firm in the course of trade.

APPEAL from the Randolph Common Pleas.

GREGORY, J.—The appellees filed their complaint in the court below against the appellants, charging an indebtedness from the latter to the former for commissions and moneys advanced in the course of trade. It is sought to charge real estate in the name of the wife for this indebtedness, on the ground that she was a partner in trade with her husband, and that she had held herself out as such, thereby giving credit to the firm.

The court found as follows: "That the defendants consigned to the plaintiffs twenty-nine thousand five hundred and thirty and $\frac{54}{60}$ bushels of wheat, which the plaintiffs sold for fifty-three thousand three hundred and ninety-three dollars and eighty-nine cents; that the net proceeds of said sales, after deducting charges for insurance, freight, elevating, storage, inspection, government tax, and commission, was forty-six thousand five hundred and seventy-three dollars

and fifty-three cents; that plaintiffs made advances to defendants and paid drafts for defendants' use, amounting to fifty-three thousand six hundred and ninety-six dollars and eighty-six cents; that the consignments were general; that there was no agreement to hold wheat until defendants ordered it sold; that plaintiffs sold none of defendants' wheat contrary to their orders; that plaintiffs are entitled to damages for the excess of advances made by them to defendants over net proceeds of sales of wheat; that the parties agreed that interest should be allowed plaintiffs on such advances; that such excess of advances over proceeds of sales until July 14th, 1865, amounted to six thousand two hundred and twenty-three dollars and thirty-three cents; that defendants were doing business as partners, under the style of Montgomery & Co., during the whole period in which the dealings between the parties were had which are involved in this action; that Emily J. Montgomery is a married woman; that all the capital belonging to defendants that was employed in the business was claimed to be the separate property of said Emily J. Montgomery; that the real estate described in the complaint was purchased and improved with means and funds in the control of Montgomery & Co.; that this real estate and other property claimed by Emily J. Montgomery and used and controlled by the said firm of Montgomery & Co. gave credit to defendants with plaintiffs, and the business between the parties was engaged in by defendants, and the liabilities to plaintiffs were incurred, for the purpose of benefiting the property claimed as the separate estate of Emily J. Montgomery; and that the said James Montgomery has no property subject to execution. The general finding of the court, therefore, is for the plaintiffs, and their damages are assessed at seven thousand and fifteen dollars and eighty-four cents, and that the real estate described in the complaint, with the other property of Emily J. Montgomery, is liable for the payment and discharge of said damages and costs of suit."

A motion for a new trial was overruled. The evidence is made a part of the record by a bill of exceptions.

The complaint, as well as the testimony, shows that the appellant Emily J. Montgomey was, during all these transactions, the wife of the appellant James Montgomery. The proof shows that the real estate described in the complaint was the property of the wife, conveyed to her long before these transactions with the appellees, and that no part of the purchase money had been paid out of the means of the husband.

The only grounds on which the court below could have based its decree against the property of Emily J. Montgomery were, that she held herself out as the partner of her husband, and that her property gave credit to the pretended firm.

It is clear that a married woman cannot bind herself as a partner with her husband. Her contracts during coverture are void. The appellees were bound to know the law. They knew when they were dealing with Montgomery & Co. that Emily J. was a married woman, and they were legally bound to know that her contracts were void. How can it be said, then, that her property gave credit to the pretended firm?

It is claimed, however, that a married woman may charge her real estate by contracting debts. This record does not present a case in which equity would give relief by charging the wife's separate estate. We shall therefore not enter upon that question.

The court erred in overruling the motion for a new trial as to Emily J. Montgomery.

The judgment is reversed as to Emily J. Montgomery, with costs, and affirmed as to James Montgomery, with costs; and the cause is remanded, with direction to grant a new trial as to Emily J. Montgomery, and for further proceedings.

*J. E. McDonald, A. L. Roache,* and *D. Sheeks,* for appellants.
*W. March* and *W. Brotherton,* for appellees.