ROBERT G. REIMAN & others *vs.* JOHN HAMILTON & wife.

If husband and wife own a vessel of which he is master, they are jointly liable on contracts for its employment made by him within the scope of a master's authority.

CONTRACT by Robert G. Reiman, Washington Lee and Alfred Poor, against John Hamilton and Mary Hamilton. The declaration alleged that the defendants were owners of the schooner

Albion; that they undertook to carry in the schooner a cargo of coals belonging to the plaintiffs, and represented that the schooner was strong, stanch and seaworthy; that the schooner was not seaworthy, but sank with the coal; and that the defendants did not carry the coal as agreed.

At the trial in the Superior Court, before *Rockwell*, J., the plaintiffs introduced evidence that a contract was made by which John Hamilton agreed to carry the plaintiffs' coal on the schooner Albion; that the contract was made after he had told the plaintiffs that he owned the schooner and she was seaworthy; and that the schooner sunk at the wharf with the coal on board, and never carried the coal.

There was also evidence that the defendants were husband and wife, and lived together as such; that the wife owned the schooner, and the husband was the master; that the wife had the earnings; that the earnings supported them and their children; and that she knew nothing of this contract until after the schooner had sunk.

The defendants contended that a verdict could not be rendered against them both; but the judge ruled otherwise, and instructed the jury that if the defendants were joint owners of the schooner, and the husband was master and contracted to carry the coal, stipulating in the contract that the coal should be carried in a stanch, sufficient and seaworthy vessel, and the schooner sunk by reason of her defects, and the coal was injured or lost, the plaintiffs might recover.

The jury returned a verdict against both defendants, and they alleged exceptions.

*J. H. Butler*, for the defendants.

*J. Nickerson*, for the plaintiffs.

AMES, J. As the master of the schooner, and as the agent intrusted with its management, the defendant John Hamilton would have authority to contract for the performance of such a service as he undertook in this case to perform. Any such contract, within the apparent and ordinary scope of his duty and trust as master of the vessel, would be binding upon his employers. If he were himself one of the owners of the vessel, a con-

tract of that kind would bind him also as such part owner, jointly and equally with the other owners; and the contract in that case would operate as the joint contract of all the owners. There was evidence, which was not contradicted, that Mary Hamilton was interested as an owner, and there was evidence from which the jury might have concluded, as against John Hamilton, that he was also an owner. They were correctly instructed that if they found such to be the fact, and that John Hamilton, as owner in part, and as agent for the other joint owner, made the contract declared upon, stipulating in such contract for the seaworthiness of the vessel, and her sufficiency and capacity for performing the proposed service, and that the vessel sunk by reason of her defects, and that the coal was thereby injured or lost, the plaintiffs would be entitled to recover against the defendants jointly. It is not a case of a copartnership, as the defendants contend, but a case of joint ownership, with the management of the joint property intrusted to one of the owners as general agent for all. Their incapacity to contract with each other is no bar to the validity of their joint promise to a third person. *Parker v. Kane,* 4 Allen, 346. *Exceptions overruled.*