## MARSHALL v. MITCHELL, ADMINISTRATOR.

1. EVIDENCE—TRANSACTIONS WITH DECEDENT.—Appellant cannot object to incompetent testimony under sec. 400 of Code, brought out by himself on cross-examination.

2. NONSUIT.—There being *some* testimony to support plaintiff's claim, nonsuit was properly refused.

3. EVIDENCE—REPUTATION.—In a suit against administrator to recover claim for attention to deceased during last illness, evidence as to whether any one else waited on deceased, and as to her reputation for paying her debts, is irrelevant.

4. APPEAL—DOCKETING—MAGISTRATE.—Under Code, 366, it is made duty of appellant from inferior jurisdiction to cause the return to be filed in the Circuit Court, and upon such filing eight days before the Court sits, the clerk shall docket the case, and the fact that the clerk neglects to docket, and it is put on calendar in open Court by instructions of Judge and tried forthwith, cannot be objected to by appellant. *Steffens* v. *Bulwinkle*, 48 S. C., 357, *distinguished from this.*

Before BUCHANAN, J., Lexington, June, 1899. Affirmed.

Action by Manda Marshall and George Marshall against J. William Mitchell, as administrator with will annexed of Mrs. E. E. Fort, for services rendered deceased in her last illness by Manda. From Circuit order dismissing defendant's appeal from judgment for plaintiffs by magistrate, defendant again appeals.

*Mr. Edwin Folk Strother,* for appellant, cites: *Plaintiff could not testify as to transactions and communications had with decedent:* 47 S. C., 488. *Error to allow case to be docketed in open Court and heard forthwith:* Code, 366, 276; 48 S. C., 357.

*Messrs. E. L. Asbill* and *W. H. Sharpe,* contra. Oral argument.

March 19, 1901. The opinion of the Court was delivered by

MR. CHIEF JUSTICE McIVER. This is an appeal from the judgment of his Honor, Judge Buchanan, dismissing an appeal from the judgment of a magistrate before whom the action was originally commenced. The object of the action was to recover the value of the services rendered by the plaintiff, Manda, who is the wife of her coplaintiff, George Marshall, to the testatrix during her lifetime.

The first four exceptions having been withdrawn at the hearing, they need not be stated or considered. The fifth exception presents the point that there was error in allowing the plaintiff, Manda, to testify concerning transactions and communications between the said Manda and the deceased, Mrs. Fort. The testimony of Manda, as set out in the "Case," does not show that she was allowed to testify as to any communications or transactions with the deceased, and the magistrate in his report says that she did not so testify. All she testified to was the fact that she rendered services as nurse to Mrs. Fort for the time specified in her testimony, and she said nothing as to any communication or transaction with the deceased, except in answer to a question, *on the cross-examination,* as to what she had received from Mrs. Fort. This was no violation of the provisions of sec. 400 of the Code, as was held in *Foggette* v. *Gaffney*, 33 S. C., 303. This exception must, therefore, be overruled.

The sixth exception alleges error in refusing the motion for a nonsuit. An examination of the testimony as set out in the "Case" shows, to say the least of it, that there was *some* testimony to sustain the plaintiff's claim, and this is quite enough to justify the refusal of the motion for a nonsuit. The sixth exception must be overruled.

The seventh exception imputes error in refusing to allow the plaintiff, Manda, while on the stand as a witness to answer the following question: "Did any one else wait on or work for Mrs. E. E. Fort while you were there?" There was no error in this. The question was not

relevant to the issue; the fact that some one else may also have rendered service to the deceased, does not show, or tend to show, that the plaintiff did not render the services for which she is now claiming compensation. The deceased seems to have been an aged and infirm person, requiring constant attention—more, perhaps, than any one person was capable of rendering—and as the defendant was allowed to introduce testimony without objection tending to show that other persons did also wait on the deceased, the ruling excepted to, even if it could be considered erroneous, the error was harmless. The seventh exception is overruled.

The eighth exception alleges error in refusing to allow the defendant to introduce testimony "to prove Mrs. Fort's reputation for the payment of her debts and financial condition and manner of conducting business." It is difficult to perceive the relevancy of this testimony, especially when it is remembered that the services for which compensation is claimed was rendered when she was practically in her last illness, and no doubt unable to attend to business. Besides, it is not correct to say that the defendant was not allowed to introduce such testimony, for the defendant was allowed to prove by his witness, Dennis Drear, that Mrs. Fort was in the habit of paying her debts, for he testified without objection as follows: "I know Mrs. Fort always paid her debts. I know Mrs. Fort always paid her hands for their work * * * I worked for her a great deal and she always paid me," and the defendant himself was allowed to testify as to her financial condition. So, also, was his witness, Hendrix. Indeed, the only objection, so far as the record before us shows, was that when the witness, Hendrix, was asked the following question: "Do you know Mrs. Fort's general reputation in the community for honesty and promptness in paying her debts?" objection was interposed to that question, and the objection was sustained—properly, as we think—as it had no tendency to show that she had paid a debt incurred for services rendered during her last illness and but a very

short time before 'her death. The eighth exception must likewise be overruled.

The only remaining inquiry is that presented by the ninth and tenth exceptions, which may be considered together. It appears from the "Case" as prepared for argument here, that the judgment of the magistrate was rendered on the 22d of May, 1899, and after notice of appeal had been given therefrom, the return of the magistrate was duly filed in the office of the clerk of the Court of Common Pleas for Lexington County on the 29th May, 1899, upon which the following indorsements were made: "Calendar 2, cause 76, June term, 1899." "Docketed in open Court, June 14th, 1899." These indorsements were signed by said clerk. The cause was heard by the Circuit Judge, and his judgment dismissing the appeal from the judgment of the magistrate bears date 14th June, 1899. The errors imputed to the Circuit Judge are thus stated in the exceptions: "1st. In allowing the said cause to be placed upon the calendar in open Court, over the objection of the defendant, on the 14th day of June, A. D. 1899. 2d. In hearing said case on the day that the same was placed upon the calendar, against the objection of the defendant." We are unable to find in the "Case" any evidence that either of these objections were interposed at the time, and, therefore, under the well settled rule that this Court will not consider any fact which does not appear in the "Case," or is admitted at the hearing, even though it may appear in the exceptions, we might consider the question presented by these two exceptions as if no objection had been interposed at the time; and, if so, that would be fatal to the appellant. But waiving that, we will, *ex gratia,* consider the questions as if objection had been made at the proper time. Looking at the case, then, in this light, it is very manifest that there was no foundation for the first point made. Sec. 366 of the Code makes it the duty of the clerk to enter the case upon the calendar upon the filing of the return, and as the return had been filed on the 29th May, 1899, the statute made it the duty of the clerk to enter

the cause on the calendar "according to the date of the return," and there was no necessity for any order of the Judge allowing the case to be docketed.

As the second point made, by which error was imputed to the Circuit Judge in hearing the case on the same day on which the case was docketed, because, as it is argued, the appellant was thereby deprived of his right to eight days' notice of trial, is rather a curious position for the appellant to take, who was the actor and whose duty it was to bring the case to trial. But passing this by, let us see if the statute does, in fact, require that eight days' notice of trial shall be given. The language of sec. 366 of the Code in relation to this matter is as follows: "At least eight days before the Court, the party desiring to bring on an appeal shall file a return and accompanying papers, if any, with the clerk, and the clerk shall thereupon enter the cause on the calendar according to the date of the return, and it shall stand for trial without any further notice." As we have seen, all that the parties were required to do was done on the 29th of May, 1899, at least thirteen days before the Court met; and if there was any default, it was on the part of the clerk in not placing the case on the calendar according to the date of the "return;" but there is nothing in the statute fixing the time in which the clerk shall enter the case on the calendar, whether eight, seven or any other specified number of days before the Court. The same defect appeared in sec. 276 of the Code, in reference to the docketing of cases to be tried in the Court of Common Pleas, which the legislature found it necessary to remedy by passing the act of 1887, whereby sec. 276 was amended by inserting the word "forthwith" immediately after the word "thereupon," so as to require the clerk, upon the filing of the requisite papers, *forthwith* to docket a case in that Court. But, so far as we are informed, no such amendment to sec. 366 of the Code, which governs appeals to the Circuit Court from the judgment of any inferior court, has been made. It is, therefore, doubtful, to say the least of it, whether sec. 366 requires the clerk to docket a

case of an appeal from a magistrate's court eight days before the meeting of the Court at which the appeal may be heard. But whatever view may be taken of the question just considered, it seems to us that sec. 368 of the Code is quite sufficient to sustain this action of the Circuit Judge in this case. That section provides as follows: "Upon hearing an appeal (meaning an appeal from an inferior court to the Circuit Court), the appellate Court shall give judgment according to the justice of the case, without regard to the technical errors and defects which do not affect the merits." And as the point here made is purely technical, and in no way affects the merits, as it is not shown or even claimed that appellant was taken by surprise, and as the judgment appealed from has been shown to have been given according to the justice of the case, the point here made, even if technically well founded, cannot be sustained. The case of *Steffens* v. *Bulwinkle,* 48 S. C., 357, cited by appellant, being a case originating in the higher jurisdiction, has no application here.

The judgment of the Circuit Court is affirmed.