### 9574

### PATRICK v. ENGLISH.

#### (91 S. E. 295.)

1. WITNESSES—COMPETENCY—TRANSACTIONS WITH DECEDENT—STATUTE. —Under Code Civ. Proc., sec. 438, limiting the right of a living party to testify about a transaction between himself and another, since deceased, plaintiff, in an action on a note, was incompetent to testify that an indorser, since deceased, made payments and promises to him, and in what the last payment consisted.

2. WITNESSES—COMPETENCY—ACTS OF DECEDENT.—In an action upon a note indorsed by defendant's intestate, it was competent for plaintiff to testify that, when he got possession of the note, it had the intestate's name on the back of it, and that intestate did not put his name on the back after plaintiff got it.

3. TRIAL—QUESTION FOR JURY—CREDIBILITY OF WITNESSES.—The force of the testimony of witnesses is for the jury.

Before RICE, J., Winnsboro, Fall term, 1915. Reversed.

Action by T. G. Patrick, trading under the firm name and style of T. G. Patrick & Co., against Beverly M. English, as administrator *cum testamento annexo* of the estate of

John G. Mobley, deceased. Judgment for plaintiff, and defendant appeals.

*Mr. Glenn W. Ragsdale,* for appellant, cites: *As to relation of irregular endorser to note before act of 1914:* 41 S. C. 84; 45 S. C. 373; 48 S. C. 309; 63 S. C. 433; 75 S. C. 255. *Testimony of party as to transaction with person deceased:* 47 S. C. 492.; 68 S. C. 504; 34 S. C. 252; 21 S. C. 110; 22 S. C. 25; Jones Ev., sec. 730, p. 909; sec. 785, p. 984; 72 S. C. 319; 51 S. C. 502. *Payment to toll statute of limitations:* 20 S. C. 57; 3 Remington Bankruptcy, sec. 2716, 2720, 2723. *Issue for jury:* 85 S. C. 479; Jones Ev., sec. 778, 901, 731; 6 Enc. Pl. & Pr. 687, 694 to 697; 91 S. C. 272; 98 S. C. 204; 93 S. C. 71; 87 S. C. 174. *Transactions:* 8 Words and Phrases, 7062; 28 A. & E. Enc. of L. 446; 12 Enc. of Ev. 899, 912, 916, 917.

*Mr. James G. McCants,* for respondent, cites: *As payment tolling statute:* 20 S. C. 573; 2 McC. L. 418; 2 Bail. 278.

February 8, 1917.

. The opinion of the Court was delivered by MR. JUSTICE GAGE.

This action is upon a note alleged to have been made to Patrick by Mrs. Fanny C. Wallace, and alleged to have been indorsed by Mobley before it came into the hands of Patrick. Mrs. Wallace is now dead, and so is Mobley, who was her son. But Mobley was sued before his death, and answered, denying his own liability to pay, and that of his intestate, Wallace, as well. English is administrator *cum testamento annexo* of the will of Mobley. Mobley became bankrupt in his lifetime, and thereby this note was barred payment. This action is on the new promise to pay, alleged to have been made after bankruptcy. The Court below, at the conclusion of the plaintiff's testimony, the defendant offering

·no testimony, directed a verdict· for the plaintiff, `and that is the appellant's real offense.

· ˙ The exceptions are seven in number, but they make only four practical issues of law, to wit: (1) Was it competent :for the plaintiff to testify that when the·note was delivered ·to· him by John G. Mobley it had the name of John G.·Mobley indorsed on.the back of it?    (2) Was·it competent for the plaintiff to testify that Mobley made to him all the payments indorsed on the back of the note save the last, and to testify what was the medium of the last payment?    (3) Was the testimony tending to show Mobley made a new promise of such character as to require its submission to a jury?    (4) Was the testimony tending to prove the signature of Mrs. Wallace of such a character as to require its submission to a jury? ˙

The issues marked 1 and 2 involve the application of the much-discussed statute which limits the right of a living party to· testify about a transaction betwixt him and another party then˙ dead.    Section 438, Code of Procedure.

1, 2·  It was manifestly incompetent for Patrick to testify that Mobley made payments and promises to him and in what the last payment consisted.   Those were plainly transactions betwixt the two men,˙ and the status closes Patrick's mouth thereabout.    But it was competent for Patrick to testify that when he got possession of the note it had .the name of Mobley across the back of it. ; .It is true Patrick testified he got the note from Mobley, but that was not the essence of the matter; the essence lay in·the fact ˙that when Patrick got the note it had Mobley's name on it.    It would have been competent for Patrick to have testified that Mobley did not put his name on the note.after. Patrick got it. The testimony Patrick did give amounts to the same thing.

Upon the issues marked 3 and 4, we have concluded they ought to have been submitted to a jury.

Upon the question of a new promise by Mobley, and upon ˙the question of the genuineness of Mrs. Wallace's signature,

a Court may not differentiate the witnesses, K. H. Patrick and J. G. McCants, from the common run of witnesses. The force of the testimony of those witnesses was for the jury. The rule in such a case is perhaps stated with sufficient fullness in our decided cases; they are *Chartrand* v. *Railroad,* 85 S. C. 481, 67 S. E. 741; *Gadsden* v. *Fertilizer Co.,* 89 S. C. 484, 72 S. E. 15; *McLeod* v. *Railroad,* 93 S. C. 71, 76 S. E. 19, 705.

The judgment is reversed, and a new trial is ordered.