Morton, J.
This is an action of contract brought against the defendants, husband and wife, alleged to be doing business as Natalie’s Lunch, to recover for labor performed and materials furnished. The answer was a general denial and payment.
The evidence tended to show that an employee of the plaintiff’s testate talked with the defendant, Abraham J. Gross, concerning the work to be done, and thereafter the work was done by the plaintiff. During the progress thereof both defendants were present at various times at the place of business called Natalie’s Lunch.
*316 Both defendants testified that the business in question belonged to Abraham J. Gross; that his wife had no interest therein except to assist her husband in the conduct thereof.
There was introduced in evidence a letter from counsel for the defendants headed: “In re: Abraham Gross and Bose doing business as Natalie’s lunch”. There was also introduced in evidence a letter from the defendant, Bose Gross, to the plaintiff in which, among other statements, appeared the following: “Mr. Murphy did that work for. me free of charge”.
At the close of the trial and before final arguments the defendants filed the following requests for rulings:
“1. The evidence is insufficient in law to warrant or support a finding for the plaintiff against the defendant Bose Gross.
2. There is no evidence in this case that the defendant Bose Gross ever did business under the name and style of Natalie’s Lunch.
3. The evidence warrants and supports a finding as matter of law that Abraham J. Gross and Bose Gross never did business under the name and style of Natalie’s Lunch.
4. The evidence is insufficient at law to warrant or support a finding for the plaintiff against the defendant Abraham J. Gross.”
All these were denied “because they are not in accord with the facts as I find them”. The finding was for the plaintiff, although the report does not so state.
Obviously the plaintiff seeks to recover from the defendants upon the ground that they were conducting a business under the name of Natalie’s Lunch. The only evidence as to the making of a contract for the work in question consisted of the reference to a conference between an employee of the plaintiff’s testate and the defendant, Abraham J. Gross, relative to the work to be done, and the fact that thereafter the work was done. From this evidence the *317 Court was warranted in finding for the plaintiff as against the defendant, Abraham J. Gross. The issue before us is whether the wife of Abraham J. Gross can be held liable under the circumstances as a party engaged in a joint adventure with her husband.
In support of her contention that a wife can be so held, the plaintiff cites Reiman vs. Hamilton, 111 Mass. 245, and Parker vs. Kane, 4 Allen, 346. These cases, however, are not authorities in support of the contention of the plaintiff, and are inapplicable to the situation in the case at bar. Those cases hold that a husband and wife who enter into a contract with a third person can be held jointly liable to the third person thereon. For instance, in the Reiman case it appeared that a husband and wife were joint owners of a vessel, and the husband, as such part owner, and as agent for his wife, entered into a contract as carrier. The husband and wife were held jointly liable and at p. 247 the Court says:
“It is not a ease of a copartnership, as the defendants contend, but a case of joint ownership, with the management of the joint property intrusted to one of the owners as general agent for all. Their incapacity to contract with each other is no bar to the validity of their joint promise to a third person”.
In Parker vs. Kane, husband and wife were sued upon a note signed by both. With regard to their liability the Court says at p. 347:
“If the two defendants could make no vaEd contract with each other, they could jointly bind themselves by a joint promise of payment to another person.”
In the instant case the defendant, Bose Gross, entered into no joint promise to the plaintiff, and her liability is based entirely upon the alleged fact that she was jointly engaged with her husband in conducting the business to which, or for which, the work was done by the plaintiff's testate. Un *318 der these circumstances the defendant, Bose G-ross, cannot be held liable. This situation is covered by the opinion in Edgerly vs. Equitable Life Assurance Society, 287 Mass. 238. In that case it was sought to hold a wife who was alleged to have been engaged in business with her late husband under a certain name and style. With regard to the liability of the wife the Court says at p. 243:
“Even if, as we do not decide, the bill alleges a joint adventure of the defendant and her husband, rather than a partnership between them, the plaintiff stands in no better position. A joint adventure in the conduct of business transactions resembles in many respects a partnership. . . . The relation of joint adventurers, like a partnership, is created by a contract express or implied and, without such a contract, no liability for debts arises out of the transactions, unless —as is not the case with respect to the defendant on the allegations of this bill — there is some independent ground of liability. We perceive no adequate reason for holding that the incapacity of a married woman to contract with her husband, which applies to a contract of partnership and is of wide application . . . should not extend to a contract for a joint adventure. The defendant, therefore, on the facts alleged, was not liable as a joint adventurer with her husband in the conduct of business under the name of ‘H. Hollon Crowell’ for the debts of the alleged ‘joint venture’ ”.
It appears, therefore, that the defendant, Ross G-ross, cannot be held liable merely because she was engaged in conducting a business with her husband.
The defendant, Rose G-ross, hereinafter referred to as the wife, can only be subjected to liability if she entered into a contract with the plaintiff’s intestate jointly with her husband, or if her husband entered into a contract with the plaintiff’s intestate as agent for the wife, or on a contract made by the wife individually with the plaintiff’s intestate. In the Edgerly case hereinbefore cited the Court says at p. 240:
*319 “There are no allegations in the bill of acts or conduct of the defendant, or of her husband as her agent, as in Reiman v. Hamilton, 111 Mass. 245, or of the defendant and her husband jointly, as in Parker v. Kane, 4 Allen, 346, which would subject her severally or jointly with her husband to liability apart from the alleged ‘joint venture’ ”.
Although the evidence with regard to the making of a contract is meagre, it is sufficient to warrant a finding, which was obviously made, that the contract for the work in question was made by the husband with the plaintiff’s intestate.
There is no evidence to warrant a finding that the wife entered jointly into the contract made by her husband. The plaintiff might contend that the statement in the letter from the wife to. the plaintiff’s intestate, hereinbefore quoted, and the further reference therein to the bill rendered as “my bill”, would warrant a finding that both defendants participated in the dealings with the plaintiff. We think that such a finding would not be warranted upon the evidence as reported. The statements were made by the wife after the work was done, and obviously as a co-partner of, or joint owner with, her husband of the restaurant business which the Court, in denying the second and third requests of the defendants, found was a business being conducted by the defendants under the name of “Natalie’s Lunch”. As already stated the evidence shows that the contract for the work was made by the husband. The mere presence of the wife during the progress of the work and her subsequent statements as reported would not warrant a finding that she entered into the contract jointly with her husband.
There is no evidence that the husband, in making the contract, was acting as agent for his wife.
' The statements of the wife, set forth in the letter above referred to, would not warrant a finding that the wife *320 entered into a separate contract with the plaintiff. In fact it would he unreasonable to infer that two separate contracts were made with the defendants by the plaintiff.
If the wife entered into a separate contract this action could not be maintained. A several liability can be enforced against more than one defendant only in cases where there is one contract in writing. G. L. c. 231, §4.
We have covered the different situations in which it would be possible to subject the wife to liability in accordance with the statement in Edgerly v. Equitable Life Assurance Society, above quoted, and we can see nothing in the evidence reported which would support a finrh'mg against her, and in consequence thereof it was error prejudicial to her rights to deny the first request for ruling filed by the defendants. An order will be entered vacating the finding as against Bose Gross and directing that judgment be entered in her behalf. The finding against the defendant, Abraham J. Gross, may stand if amendments to the writ and declaration necessary to that end are effected.