14352

RIDDLE v. GEORGE

(187 S. E., 524)

Before RICE, J., Newberry, November, 1935.

*Mr. Fred H. Dominick,* for appellant,

*Messrs. Blease & Griffith,* for respondent,

September 10, 1936.

The opinion of the Court was delivered by MR. JUSTICE FISHBURNE.

The plaintiff brought this action against J. W. George, as administrator of the estate of Lee B. George, deceased, to recover judgment for personal services alleged to have been rendered to the deceased prior to his death. She alleges in her complaint that in January, 1924, pursuant to a contract entered into between her and Lee B. George, she moved with her family into his home, there to act and serve as his companion, cook, nurse, and general servant; that George promised and agreed to devise valuable lands and to bequeath personal property to her in consideration of her services; that she rendered the services agreed upon for a period of ten years, when Lee B. George died; that he left no will, and failed to compensate her for her services, and that such services were reasonably worth the sum of $5,000.00, for which she demanded judgment.

The defendant administrator admitted the death of George, intestate, and that the plaintiff resided in his home,

but denied generally most of the material allegations of the complaint. He, also, alleged that the plaintiff had been adequately compensated by Lee B. George in his lifetime for all services rendered by her to him. It was further alleged in the answer that the contract referred to in the complaint was void under the Statute of Frauds.

The trial resulted in a verdict in favor of the plaintiff for the sum of $2,750.00.

The defendant is appealing to this Court upon exceptions which assign error to the trial Judge in overruling his motion for a nonsuit and for a new trial, and error in the admission of certain testimony.

The first exception fails in every respect to comply with Section 6 of Rule 4 of this Court, which provides that each exception must contain a concise statement of one proposition of law or fact which the Court is asked to review. This exception embraces three separate and distinct propositions of law: One questions the construction of the complaint by the trial Court, upon the ground that the action is based upon a contract and not upon a *quantum meruit;* another refers to the alleged incompetence of the testimony of the plaintiff; and the third has reference to the alleged disqualification of the husband of the plaintiff, J. L. Riddle, as a witness, on the ground that the testimony of the plaintiff and her husband relates to transactions and communications between parties in interest and the deceased. Furthermore, in neither instance is the attention of the Court directed to the challenged testimony. The testimony objected to must be sifted from the record.

The Court has hitherto pursued a liberal policy in waiving a strict compliance with this rule, in order that an appeal shall not go unheard. We will waive compliance in this case as a matter of grace.

The first contention of the appellant has to do with the alleged misconstruction of the complaint and the procedure sanctioned by the trial Judge during the course of the trial,

in allowing testimony to be introduced in support of the allegations of the complaint considered as an action on a *quantum meruit*. It is argued very earnestly that the complaint alleges a cause of action based solely upon a special contract for services rendered by the plaintiff to the deceased, and for this reason no testimony should have been allowed tending to sustain a claim upon a *quantum meruit*.

The general rule undoubtedly is that a plaintiff cannot recover upon a *quantum meruit* on a complaint based upon a special contract. This rule has been established by numerous decisions: *King v. Western Union Tel. Co.*, 84 S. C., 73, 65 S. E., 944; *Cleveland & Williams v. Butler*, 94 S. C., 406, 78 S. E., 81; *Fitzsimons v. Guanahani Co.*, 16 S. C., 192; *Birlant v. Cleckley*, 48 S. C., 298, 26 S. E., 600.

But the pleadings and the facts in this case do not come within the principle enunciated in the foregoing cases.

An examination of the complaint convinces us that it states only one cause of action; and that upon a *quantum meruit*. Preliminary and incidental matters as to the contract between the deceased, George, and the respondent, were set forth in the complaint, but the pleading negatives any conclusion that the suit was based upon a contract, or that it was for a breach of a contract. The plaintiff charged that there had been a failure on the part of George to carry out his contract to devise to her certain property, but she did not ask for specific performance, nor was any real or personal property described. She did not allege or claim to be entitled to the value of the property; she did not allege or claim damages for breach of contract. She demanded judgment for $5,000.00, which, as alleged in her complaint, "her said services were reasonably worth." Construing the complaint liberally, as we must, this can be denominated only a suit on a *quantum meruit*. See *White v. McKnight*, 155 S. C., 370, 152 S. E., 512; *Id.*, 146 S. C., 59, 143 S. E., 552, 59 A. L. R., 1297.

The appellant further contends that the trial Judge erred in permitting the witness, J. L. Riddle, the husband of the plaintiff, over objection, to testify with reference to the proposition made by the deceased to him and his wife under which he and his wife and family moved to the home of Lee B. George. This witness testified that the deceased made this offer: "That if we would move up there with him and take care of him, at his death he would see that we were well paid that my wife was well paid." And testimony to this effect was given by him at various times during his direct examination and his cross examination. He also testified as to the services rendered by his wife to the deceased; that she cooked and served the food the deceased ate; she washed, ironed, and mended his clothes; and that she waited on him in health and nursed him in his illness. All of which tended to support the allegations of the complaint.

It is urged that this witness was disqualified under Section 692, and the case of *Merck v. Merck,* 89 S. C., 347, 71 S. E., 969, 970, Ann. Cas., 1913-A, 937, is cited by the appellant as conclusive authority upon this point.

The witness, J. L. Riddle, is not a party to the action, and on that ground his testimony may not be excluded. The real question to be decided is: Did this witness, at the time he testified, have a legal or an equitable interest which might be affected by the event of the action or proceeding? The statute does not prohibit evidence concerning transactions or communications with decedent, but renders certain witnesses incompetent to give such evidence. There are numerous cases in this State holding that a witness is not disqualified under Section 692 because of interest, from testifying as to transactions and communications with a deceased person, at which he was present, but without being a participant. *Roe v. Harrison,* 9 S. C., 279; *Hughey v. Eichelberger,* 11 S. C., 36; *Kennemore v. Kennemore,* 26 S. C., 251, 1 S. E., 881; *Sullivan v. Latimer,* 38 S. C., 158, 17 S. E., 701; *Colvin v. Phillips,* 25 S. C., 228;

*Moore v. Trimmier,* 32 S. C., 511, 11 S. E., 548, 552; *Sloan v. Hunter,* 56 S. C., 385, 34 S. E., 658, 879, 76 Am. St. Rep., 551. Even if it may be inferred from the testimony that the witness, J. L. Riddle, did participate in the conversations had between the deceased and the plaintiff with reference to the domestic arrangement thereafter entered into, this, under the facts of this case, would not disqualify him.

Participation in the transaction or communication ▮ will disqualify a witness if he has a legal or equitable interest which may be affected by the result of the case. The test of the interest of a witness in the event which disqualifies him, under statute, from testifying in his own behalf against the personal representative of a deceased person, is that he will either gain or lose by the direct legal operation and effect of the judgment. The record does not show that J. L. Riddle had a legal or equitable interest which could be affected by the event of the trial. The natural, personal interest that he may have in his wife's welfare does not clothe him with that legal or equitable interest which the law contemplates. Certainly the mere fact and existence of the marital relation did not operate to disqualify him as a witness. *Scott et al. v. Wiggins,* 113 S. C., 88, 101 S. E., 113. The action in this case is brought by the plaintiff for personal services rendered by her to the deceased. In such services her husband could not have any legal or equitable interest. It was said in *Burwell v. South Carolina Tax Commission,* 130 S. C., 199, 126 S. E., 29, 33, 38 A. L. R., 1256, quoting with approval from *Toof v. Brewer,* 96 Miss., 19, 3 So., 571, in commenting upon the changes wrought in the common-law status of a married woman by the present constitution and statutes, "That they withdraw from the husband the ownership, control, disposition and enjoyment of the wife's estate; that the same are secured to her as though she were a *feme sole;* that the right to her personal services and the fruits of her labor are denied to him and given to her; that her will is freed from the dominion of his as to all prop-

erty rights; that she may without his consent enter into the closest business relations with third persons."

The position is not tenable that the witness, Riddle, comes within any one of the four classes of disqualification named in the statute. See *Norris v. Clinkscales,* 47 S. C., 488, 25 S. E., 797.

The appellant quotes as applicable and authoritative the following from *Merck v. Merck, supra:* " 'That all conversations or transactions between persons since deceased and a third party, in the presence or hearing of the witness, may not be testified to by such witness if he by word or sign participated in the transaction or conversation, or is referred to in the course of it, or was in any way a party to it.' "

However, a careful reading of that case shows beyond doubt that the word "witness" as used in the foregoing quotation, means "interested witness" (one who has a legal or equitable interest which may be affected by the event of the action or proceeding), and that the decision of the case turned upon that point. That case is not applicable here.

Even if Riddle, the husband of the respondent, had a contract or agreement similar to the one the plaintiff, his wife, had with the deceased, nevertheless, the husband was not disqualified to testify as to the transactions and communications of the deceased relating to the matters in issue. *Brock v. O'Dell,* 44 S. C., 22, 21 S. E., 976.

The appellant further contends that it was error to allow the plaintiff to testify upon direct examination that the deceased did not pay her anything for the services she rendered him, upon the ground that such testimony was incompetent under Section 692 of the Code, in that this testimony related to a transaction or communication of the deceased. We agree that this testimony was incompetent upon the ground stated, as coming from a party to the action, in regard to a transaction or communication between the witness and the deceased. *Patrick v. English,* 106 S. C., 267, 91 S. E., 295. But we do not think that the

admission of this testimony was prejudicial. Upon cross examination by defendant's counsel, the same testimony was elicited. *Marshall v. Mitchell,* 59 S. C., 523, 38 S. E., 158.

Finally, it is urged by the appellant that several witnesses other than the plaintiff and her husband were permitted to testify, over objection, as to statements made by the deceased in regard to the disposition of his property to the plaintiff and her family at his death, upon the ground that the contract alleged in the complaint was not in writing, and therefore could not be established by parol evidence alone, and was, therefore, void under the Statute of Frauds.

It is generally held that one who has performed labor and services under a contract which cannot be enforced because within the Statute of Frauds, and which has been repudiated by the other party thereto, may recover for such services upon a *quantum meruit.* 27 C. J., 363, § 441; *Carter v. Brown,* 3 S. C., 298.

The testimony objected to no doubt would have been incompetent if it had been offered to establish a contract void under the Statute of Frauds, but no such contract has been sued upon in this case. The whole theory of the exception goes back to the misapprehension of the appellant that this action sued upon was on special contract, whereas the complaint is based upon a *quantum meruit,* as hereinbefore pointed out. As was stated in *Carter v. Brown, supra:* "As to the second objection, this action, considered a proceeding upon an implied promise, is not based upon the original contract, and therefore is not within the terms of the Statute of Frauds. The statute does not prevent the contract from being looked into, as matter of evidence, for any other purpose than that of supporting an action founded upon it."

The holding in the *Carter case* has been followed consistently since. See *Walker v. Wilmington, C. & A. Railroad Co.,* 26 S. C., 80, 1 S. E., 366; *Jacobs v. Mutual Insurance Company of Greenville,* 56 S. C., 558, 35 S. E., 221;

*Turnipseed v. Sirrine,* 57 S. C., 559, 35 S. E., 757, 76 Am. St. Rep., 580; *Ex parte Hiers,* 67 S. C., 108, 45 S. E., 146, 100 Am. St. Rep., 713; *McLellan v. McLellan,* 131 S. C., 245, 126 S. E., 749; *White v. McKnight, supra.*

In the case at bar the respondent sued on *quantum meruit.* It was proper to look into the contract, unenforceable on account of the Statute of Frauds, not to support an action on that contract, but for "the other purpose" of sustaining her *quantum meruit* suit.

We have examined very carefully into the questions presented by the appellant, but must overrule all exceptions for the reasons herein given.

The judgment of the lower Court is affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM and BAKER concur.

MR. JUSTICE CARTER did not participate.